■ In the Matter of NDEYE D., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; BENJAMIN D., Appellant. [926 NYS2d 119]—

In a child neglect proceeding pursuant to Family Court Act article 10, the father appeals (1) as limited by his brief, from so

much of a fact-finding order of the Family Court, Queens County (Richter, J.), dated September 15, 2010, as, after a hearing, found that he had neglected the subject child, and (2) from an order of disposition of the same court dated October 27, 2010, which upon the fact-finding order and after a hearing, placed him under the petitioner's supervision for a period of six months.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as the fact-finding order was superseded by the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as placed the father under the petitioner's supervision for a period of six months is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as placed the appellant under the supervision of the petitioner for a period of six months must be dismissed as academic, as that portion of the order has expired by its own terms (see Matter of Amber C., 38 AD3d 538, 539 [2007]; Matter of Daqwuan G., 29 AD3d 694, 695 [2006]; Matter of Dareth O., 304 AD2d 667, 668 [2003]). However, since the adjudication of neglect "constitutes a permanent and significant stigma that might indirectly affect the appellant's status in future proceedings," the appeal from the order of disposition, which brings up for review the finding of neglect, is not academic (Matter of Daqwuan G., 29 AD3d at 695; see Matter of Kevin M.H. [Kenneth H.], 76 AD3d 1015 [2010]; Matter of Albert Francis B., 66 AD3d 769 [2009]; Matter of Brian R., 48 AD3d 576 [2008]).

At a fact-finding hearing in an abuse and/or neglect proceeding pursuant to Family Court Act article 10, a petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused and/or neglected (see Family Ct Act § 1046 [b] [i]; Matter of Isaac J. [Joyce J.], 75 AD3d 506 [2010]; Matter of Tammie Z., 66 NY2d 1 [1985]). Here, the evidence adduced at the hearing established that the father, while holding the subject child, who was then less than two years old, hit, shoved, and screamed at the mother. The evidence further indicated that the father had previously committed acts of domestic violence against the mother, including slapping her, and that some of those incidents—like the subject incident—occurred in the presence of the child. Although an isolated incident of domestic violence outside the presence of a child is insuf-

ficient to establish neglect (*see Matter of Larry O.*, 13 AD3d 633 [2004]; *Matter of Davin G.*, 11 AD3d 462 [2004]), here, the incident of domestic violence at issue was neither isolated nor did it occur outside the presence of the subject child. Accordingly, the Family Court properly found that the petitioner established, by a preponderance of the evidence, that as a result of the father's conduct, the child's physical, mental, or emotional condition was in imminent danger of impairment (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Elijah J. [Phillip J.]*, 77 AD3d 835 [2010]). Mastro, J.P., Florio, Belen and Chambers, JJ., concur.