■ In the Matter of JOSHUA P., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DAVID J., Appellant. (Proceeding No. 1.) In the Matter of SHORENA L., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DAVID J., Appellant. (Proceeding No. 2.) In the Matter of JELANI S., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DAVID J., Appellant. (Proceeding No. 3.) In the Matter of JUSTIN J., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DAVID J., Appellant. (Proceeding No. 4.) In the Matter of K'LA J., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DAVID J., Appellant. (Proceeding No. 5.) In the Matter of SHARECE L., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DAVID J., Appellant. (Proceeding No. 6.) [975 NYS2d 440]—

In related child abuse and neglect proceedings pursuant to Family Court Act article 10, the father appeals (1), as limited by his brief, from so much of an order of fact-finding of the Family

Court, Kings County (White, J.), dated March 30, 2012, as, after a hearing, found that he abused the child K'la J., and derivatively abused the children Joshua P., Shorena L., Jelani S., Justin J., and Sharece L., and (2) from two orders of disposition (one as to the child Justin J., and one as to the children Joshua P., Shorena L., Jelani S., K'la J., and Sharece L.) of the same court, both dated August 29, 2012, which, upon the order of fact-finding and after a dispositional hearing, inter alia, placed him under the petitioner's supervision for a period of 12 months.

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the fact-finding order was superseded by the orders of disposition and is brought up for review on the appeals from the orders of disposition; and it is further,

Ordered that the appeals from so much of the orders of disposition as placed the father under the petitioner's supervision for a period of 12 months is dismissed, without costs or disbursements; and it is further,

Ordered that the orders of disposition are affirmed insofar as reviewed.

The appeals from so much of the orders of disposition as placed the appellant under the supervision of the petitioner for a period of 12 months must be dismissed as academic, as those portions of the orders expired by their own terms (see Matter of Trenasia J. [Frank J.], 107 AD3d 992, 993 [2013]; Matter of Ndeye D. [Benjamin D.], 85 AD3d 1026, 1027 [2011]). However, since an adjudication of abuse or neglect "constitutes a permanent and significant stigma that might indirectly affect the appellant's status in future proceedings," the appeals from the orders of disposition, which bring up for review the findings of abuse and derivative abuse in the order of fact-finding dated March 30, 2012, is not academic (Matter of Ndeye D. [Benjamin D.], 85 AD3d at 1027 [internal quotation marks omitted]; see Matter of Trenasia J. [Frank J.], 107 AD3d at 993).

The Family Court's finding that the appellant abused his daughter K'la J. by sexually abusing and forcibly touching her was supported by a preponderance of the evidence (see Family Ct Act §§ 1012 [e] [iii]; 1046 [b] [i]; Penal Law §§ 130.00 [3]; 130.52, 130.55, 130.60; Matter of Lauryn H. [William A.], 73 AD3d 1175, 1176 [2010]). In light of the conflicting testimony presented at the fact-finding hearing, the factual findings of the Family Court turned largely on its assessment of witnesses' credibility, which is entitled to great weight (see Matter of Trenasia J. [Frank J.], 107 AD3d at 993; Matter of Lauryn H. [William A.], 73 AD3d at 1176). There is no basis in the record

here to disturb the Family Court's assessment of the witnesses' credibility. Moreover, since the petitioner established by a preponderance of the evidence that the appellant committed the offenses of sexual abuse and forcible touching against K'la J., as defined in Penal Law §§ 130.52, 130.55 and 130.60, the Family Court's scrivener's error in also identifying a nonexistent section of the Penal Law in the order of fact-finding has no effect on the finding of abuse (see generally Family Ct Act § 1012 [e] [iii]).

The appellant's abuse of K'la supported the Family Court's finding of derivative abuse of the other subject children, as the conduct "established a fundamental defect in [the appellant]'s understanding of his parental duties relating to the care of children and demonstrated that his impulse control was so defective as to create a substantial risk of harm to any child in his care" (Matter of Angelica M. [Nugene A.], 107 AD3d 803, 804-805 [2013]; see Matter of Leah R. [Miguel R.], 104 AD3d 774, 774 [2013]; Matter of Daniel W., 37 AD3d 842, 843 [2007]).

The appellant's remaining contention is without merit. Skelos, J.P., Balkin, Lott and Hinds-Radix, JJ., concur.