■ In the Matter of CHERYALE B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MICHELLE B., Appellant. (Proceeding No. 1.) In the Matter of ROCHELLE B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MICHELLE B., Appellant. (Proceeding No. 2.) In the Matter of JEDAIAH B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MICHELLE B., Appellant. (Proceeding No. 3.) In the Matter of MIKAEL M. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MICHELLE B., Appellant. (Proceeding No. 4.) [995 NYS2d 134]—

In four related child protective proceedings pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding of the Family Court, Kings County (Wan, J.), dated August 6, 2013, which, after a hearing, found that she neglected the subject child Jedaiah B. and derivatively neglected the subject children Cheryale B., Rochelle B., and Mikael M., and (2) an order of disposition of the same court dated August 8, 2013, which, inter alia, directed that she be supervised by the petitioner for a period of six months.

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition, and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as directed that the appellant be supervised by the petitioner for a period of six months is dismissed, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as directed that the appellant be supervised by the petitioner for a period of six months must be dismissed as academic, as that portion of the order has expired by its own terms (*see Matter of*

*Chaim R. [Keturah Ponce R.]*, 94 AD3d 1127, 1129 [2012]; *Matter of Ndeye D. [Benjamin D.]*, 85 AD3d 1026 [2011]; *Matter of Amber C.*, 38 AD3d 538, 539 [2007]). However, since an adjudication of abuse or neglect "constitutes a permanent and significant stigma that might indirectly affect the appellant's status in future proceedings," the appeal from the remainder of the order of disposition, which brings up for review the findings of neglect and derivative neglect in the order of fact-finding dated August 6, 2013, is not academic (*Matter of Ndeye D. [Benjamin D.]*, 85 AD3d at 1027).

Although parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect (*see Matter of Laequise P. [Brian C.]*, 119 AD3d 801 [2014]; *Matter of Anastasia L.-D. [Ronald D.]*, 113 AD3d 685 [2014]; *Matter of Matthew M. [Fatima M.]*, 109 AD3d 472 [2013]). The Family Court's finding of neglect as to the subject child Jedaiah, based upon the mother's use of excessive corporal punishment, is supported by a preponderance of the evidence (*see* Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]; *Matter of Jacob P. [Sasha R.]*, 107 AD3d 719 [2013]; *Matter of Deon S.-G. [Romel S.-G.]*, 95 AD3d 1340 [2012]). Jedaiah's out-of-court statements that the mother repeatedly struck her in the face with an open hand and fist were sufficiently corroborated by the caseworker's observations of Jedaiah's injuries, a photograph of the injuries, and the mother's admission during her direct testimony that she had struck Jedaiah with a belt in the past (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Jallah J. [George J.]*, 118 AD3d 1000 [2014]; *Matter of Nurridin B. [Louis J.]*, 116 AD3d 770 [2014]; *Matter of James S. [Kathleen S.]*, 88 AD3d 1006 [2011]; *Matter of Isaiah S.*, 63 AD3d 948 [2009]; *Matter of Nicholas L.*, 50 AD3d 1141 [2008]; *Matter of Joshua B.*, 28 AD3d 759 [2006]). The Family Court's determination that the mother lacked credibility when she testified that she had not hit Jedaiah during the alleged incident is entitled to deference (*see Matter of Jahani K. [Felicia K.]*, 111 AD3d 832 [2013]; *Matter of Sadiq H. [Karl H.]*, 81 AD3d 647 [2011]), and is fully supported by the record.

The evidence also supported the finding of derivative neglect as to the subject children Cheryale, Rochelle, and Mikael (*see* Family Ct Act § 1046 [a] [i]; *see also Matter of Matthew M. [Fatima ]*, 109 AD3d 472 [2013]; *Matter of Jacob P. [Sasha R.]*, 107 AD3d 719 [2013]; *Matter of Amerriah S. [Kadiatou Y.]*, 100 AD3d 1006, 1007 [2012]; *Matter of Delehia J. [Tameka J.]*, 93 AD3d 668, 669 [2012]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Skelos, J.P., Leventhal, Hinds-Radix and Maltese, JJ., concur.