■ In the Matter of SARAH W. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; BARBARA G.F., Appellant. [997 NYS2d 164]—

Appeals from (1) an order of fact-finding of the Family Court, Queens County (Marybeth S. Richroath, J.), dated December 11, 2013, and (2) an order of disposition of that court dated January 24, 2014. The order dated December 11, 2013, found that the mother neglected the subject child. The order dated January 24, 2014, insofar as appealed from, released the child to the custody of the father and, upon the mother's consent, set forth the terms and conditions of her visitation with the subject child.

Ordered that the appeal from the order dated December 11, 2013, is dismissed, without costs or disbursements, as that order was superseded by the order dated January 24, 2014, and is brought up for review on the appeal from the order dated January 24, 2014; and it is further,

Ordered that the appeal from so much of the order dated January 24, 2014, as set forth the terms and conditions of visitation is dismissed, without costs or disbursements, as no appeal lies from an order entered upon the consent of the appealing party (*see* CPLR 5511; *Matter of Nivia L.C. [Shani C.]*, 106 AD3d 996, 997 [2013]); and it is further,

Ordered that the order dated January 24, 2014, is affirmed insofar as reviewed, without costs or disbursements.

The Family Court's finding that the mother neglected the subject child is supported by a preponderance of the evidence (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Nivia L.C. [Shani C.]*, 106 AD3d 996, 997 [2013]; *Matter of Rakim W.*, 17 AD3d 376, 377 [2005]). The evidence presented at the fact-finding hearing demonstrated that the mother engaged in conduct which either impaired the child's physical, mental, or emotional condition, or created an imminent risk of impairment (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Kathleen K.*, 66 AD3d 683, 684 [2009]). Although the mother largely disputed the allegations against her, the Family Court's finding that she was not a credible witness is entitled to deference (*see Matter of Rakim W.*, 17 AD3d at 377; *Matter of Todd D.*, 9 AD3d 462, 463 [2004]), and is fully supported by the record.

The out-of-court statements of a child may form the basis for a finding of neglect if they are corroborated, as was the case here, by other evidence tending to support the reliability of such statements. "[T]he testimony of the child shall not be necessary to make a fact-finding of abuse or neglect" (Family Ct Act § 1046 [a] [vi]; *see Matter of Christina F.*, 74 NY2d 532, 536 [1989]; *Matter of Christopher L.*, 19 AD3d 597, 597 [2005]).

The mother's remaining contentions are without merit. Dillon, J.P., Miller, Maltese and Duffy, JJ., concur.