In the Matter of TAYLEESE M.C. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; TUNISHA H., Appellant. (Proceeding No. 1.) In the Matter of T'MYA A.C. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; TUNISHA H., Appellant. (Proceeding No. 2.) [7 NYS3d 464]—Appeal from an order of disposition of the Family Court, Kings County (Alan Beckoff, J.), dated October 24, 2013. The order, inter alia, released the subject children to the custody of their father, with supervision. The appeal brings up for review an order of fact-finding of that court, dated May 9, 2011, which, after a hearing, found that the mother neglected the child T'mya A.C. and derivatively neglected the child Tayleese M.C.

Ordered that the appeal from the order of disposition is dismissed, without costs or disbursements, except insofar as it brings up for review the order of fact-finding; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from the order of disposition, except insofar as it brings up for review the order of fact-finding dated May 9, 2011, must be dismissed as academic, as the order of disposition has expired by its own terms (*see Matter of Cheryale B. [Michelle B.]*, 121 AD3d 976, 976-977 [2014]; *Matter of Kaleb B. [Harold S.]*, 119 AD3d 780, 780-781 [2014]; *Matter of Ndeye D. [Benjamin D.]*, 85 AD3d 1026, 1027 [2011]; *Matter of Alanie H.*, 83 AD3d 1066, 1067 [2011]). "However, since the adjudication

of neglect 'constitutes a permanent and significant stigma that might indirectly affect the appellant's status in future proceedings,' " the appeal from so much of the order of disposition as brings up for review the findings of neglect and derivative neglect in the order of fact-finding is not academic (*Matter of Ndeye D. [Benjamin D.]*, 85 AD3d at 1027, quoting *Matter of Daqwuan G.*, 29 AD3d 694, 695 [2006]; *see Matter of Cheryale B. [Michelle B.]*, 121 AD3d at 977).

"[A] party seeking to establish neglect must show, by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]), first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (*Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]).

Here, a preponderance of the evidence supports the Family Court's determination that the mother neglected the child T'mya A.C. by using excessive corporal punishment and committing acts of domestic violence against the father while in the child's presence, which impaired, or created an imminent danger of impairing, the child's physical, mental, or emotional condition (*see Matter of Dylan G. [Victor M.]*, 119 AD3d 786, 787 [2014]; *Matter of Nurridin B. [Louis J.]*, 116 AD3d 770, 771-772 [2014]; *Matter of Eugene S. [Priscilla E.]*, 114 AD3d 691, 691 [2014]; *Matter of Michael G.C. [Michael C.]*, 103 AD3d 890, 891 [2013]).

The Family Court's determination that the father and T'mya testified credibly, whereas the mother's testimony lacked credibility, is entitled to considerable deference on appeal, and, on this record, there is no basis to disturb that determination (*see Matter of Arique D. [Elizabeth A.]*, 111 AD3d 625, 627 [2013]; *Matter of Candacy C. [Clairmonte C.]*, 96 AD3d 836, 836 [2012]; *Matter of Christiana C. [Carleton C.]*, 86 AD3d 606, 607 [2011]; *Matter of Isaiah S.*, 63 AD3d 948, 949 [2009]). In addition, the mother's contention that the Family Court improperly admitted testimony from T'mya without determining whether she was competent to testify under oath is unpreserved for appellate review. In any event, this contention is without merit, as the record is sufficient to establish that T'mya was capable of testifying as a sworn witness (*see Matter of Robert F.*, 297 AD2d 610 [2002]).

The derivative finding of neglect as to the child Tayleese M.C. is also supported by the evidence (*see* Family Ct Act

§ 1046 [a] [i]; *Matter of James S. [Kathleen S.]*, 88 AD3d 1006, 1006-1007 [2011]; *Matter of Astrid C.*, 43 AD3d 819, 821 [2007]; *Matter of Cybill V.*, 279 AD2d 582, 583 [2001]; *Matter of Deandre T.*, 253 AD2d 497, 498 [1998]).

The mother's remaining contentions are without merit. Chambers, J.P., Dickerson, LaSalle and Barros, JJ., concur.