■ In the Matter of JEHOZADAK B.W. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; SHIRA E.W., Appellant. (Proceeding No. 1.) In the Matter of JACOB E.W. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; SHIRA E.W., Appellant. (Proceeding No. 2.) In the Matter of JEHOZAPHAT A.B.W. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; SHIRA E.W., Appellant. (Proceeding No. 3.) In the Matter of JANNAH W. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; SHIRA E.W., Appellant. (Proceeding No. 4.) [19 NYS3d 787]—

Appeal from an order of fact-finding of the Family Court, Kings County (Daniel Turbow, J.), dated June 18, 2014. The order, after a hearing, determined that the mother neglected the child Jannah W. and derivatively neglected the children Jehozadak B.W., Jacob E.W., and Jehozaphat A.B.W.

Ordered that the order of fact-finding is affirmed, without costs or disbursements.

Child neglect must be established by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Joseph O'D. [Denise O'D.]*, 102 AD3d 874, 875 [2013]). In reviewing a Family Court's finding of child neglect, we accord considerable deference to that court's credibility assessments (*see Matter of Joseph O'D. [Denise O'D.]*, 102 AD3d at 875; *Matter of Andrew B. [Deborah B.]*, 73 AD3d 1036, 1036 [2010]). Here, the Family Court's finding that the mother neglected Jannah W. by inflicting excessive corporal punishment upon her is supported by a preponderance of the evidence (*see Matter of Cheryale B. [Michelle B.]*, 121 AD3d 976, 977 [2014]; *Matter of Matthew M. [Fatima M.]*, 109 AD3d 472, 473 [2013]; *Matter of Joseph O'D. [Denise O'D.]*, 102 AD3d at 875; *Matter of Yanni D. [Hope J.]*, 95 AD3d 1313, 1314 [2012]). At the hearing, the Administration for Children's Services introduced into evidence certain out-of-court statements by Jannah W. to the effect that her mother hit her in the eye with a telephone during the course of an altercation the mother had instigated between them. Those statements were corroborated by testimony as to the caseworkers' observations of Jannah W.'s injuries and the mother's own testimony concerning the altercation (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Hayden C. [Tafari C.]*, 130 AD3d 924, 925

[2015]; *Matter of Cheryale B. [Michelle B.]*, 121 AD3d 976, 977 [2014]; *Matter of Jallah J. [George J.]*, 118 AD3d 1000, 1001 [2014]).

The evidence at the hearing also supported the Family Court's finding that the mother derivatively neglected the other children (*see* Family Ct Act § 1046 [a] [i]; *Matter of Matthew M. [Fatima M.]*, 109 AD3d at 473). Balkin, J.P., Austin, Miller and Hinds-Radix, JJ., concur.