■ In the Matter of PAUL M., JR. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; TINA H., Appellant, et al., Respondent. [48 NYS3d 679]—

Appeal by the mother from an order of disposition of the Family Court, Kings County (Barbara Salinitro, J.), dated May 6, 2015. The order, after a combined permanency and dispositional hearing, inter alia, placed the subject child in the custody of the Commissioner of Social Services and placed the mother under supervision by a child protective agency, social services official, or duly authorized agency until the completion of the next permanency hearing on October 5, 2015. The appeal brings up for review so much of an order of fact-finding of that court (Emily M. Olshansky, J.), dated February 6, 2015, as found that the mother neglected the subject child.

Ordered that the appeal from so much of the order of disposition as placed the subject child in the custody of the Commissioner of Social Services and placed the mother under supervision by a child protective agency, social services official, or duly authorized agency until the completion of the next permanency hearing on October 5, 2015, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The petitioner commenced this proceeding pursuant to Family Court Act article 10 alleging, inter alia, that the mother and the father neglected the subject child by inflicting exces-

sive corporal punishment on him. After a fact-finding hearing, the Family Court found that the mother and the father neglected the child. The evidence admitted at the hearing included, inter alia, hospital and agency records containing statements made by the child to hospital personnel, a police officer, and a caseworker indicating, inter alia, that both parents struck him with their fists and a broomstick. The mother appeals.

The appeal from so much of the order of disposition as placed the child in the custody of the Commissioner of Social Services and placed the mother under supervision by a child protective agency, social services official, or duly-authorized agency until the completion of the next permanency hearing on October 5, 2015, must be dismissed as academic, as the terms of those portions of the order have already expired (*see Matter of Niviya K. [Alfonzo M.]*, 89 AD3d 1027 [2011]). However, since the adjudication of neglect constitutes a permanent and significant stigma that might indirectly affect the mother's status in future proceedings, the appeal from so much of the order of disposition as brings up for review the finding of neglect is not academic (*see Matter of Cheryale B. [Michelle B.]*, 121 AD3d 976, 977 [2014]; *Matter of Ndeye D. [Benjamin D.]*, 85 AD3d 1026, 1027 [2011]; *Matter of Daqwuan G.*, 29 AD3d 694, 695 [2006]).

"At a fact-finding hearing in a neglect proceeding pursuant to Family Court Act article 10, a petitioner has the burden of proving by a preponderance of the evidence that the subject child was neglected" (*Matter of Negus T. [Fayme B.]*, 123 AD3d 836, 836 [2014]; *see Matter of Luis N.P. [Alquiber R.]*, 127 AD3d 1201 [2015]; *Matter of Jacob P. [Sasha R.]*, 107 AD3d 719 [2013]). "Although parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect" (*Matter of Cheryale B. [Michelle B.]*, 121 AD3d at 977; *see Matter of Laequise P. [Brian C.]*, 119 AD3d 801, 802 [2014]; *Matter of Matthew M. [Fatima M.]*, 109 AD3d 472 [2013]).

In a child protective proceeding, unsworn out-of-court statements of the subject child may be received and, if properly corroborated, will support a finding of abuse or neglect (*see Matter of Nicole V.*, 71 NY2d 112, 117-118 [1987]; *Matter of Mateo S. [Robin Marie Y.]*, 118 AD3d 891, 892 [2014]). The Family Court has considerable discretion in deciding whether a child's out-of-court statement has been reliably corroborated and whether the record as a whole supports a finding of neglect (*see Matter*

*of Nicole V.*, 71 NY2d at 119; *Matter of Iouke H. [Terrence H.]*, 94 AD3d 889, 890-891 [2012]; *Matter of Alexander M. [Benjamin M.]*, 88 AD3d 794, 795 [2011]; *Matter of Joshua B.*, 28 AD3d 759 [2006]).

Here, a preponderance of the evidence supported the Family Court's finding that the mother neglected the child by inflicting excessive corporal punishment on him (*see Matter of Cheryale B. [Michelle B.]*, 121 AD3d at 977; *Matter of Matthew M. [Fatima M.]*, 109 AD3d 472 [2013]; *Matter of Yanni D. [Hope J.]*, 95 AD3d 1313 [2012]; *Matter of Iouke H. [Terrence H.]*, 94 AD3d at 890-891). Contrary to the mother's contention, the child's out-of-court statements were sufficiently corroborated by testimony from a police officer, the child's medical records, and progress notes from the child's caseworker, all of which confirmed that the child had suffered injuries (*see Matter of Hayden C. [Tafari C.]*, 130 AD3d 924, 925 [2015]; *Matter of Jenna U. [Derrick U.]*, 108 AD3d 725 [2013]; *Matter of Joseph O'D. [Denise O'D.]*, 102 AD3d 874, 875 [2013]; *Matter of Charnel T.*, 49 AD3d 427 [2008]). Further, although the mother disputed the allegations, the court's determination that her version of events lacked credibility is entitled to deference and is supported by the record (*see Matter of Sarah W. [Barbara G.F.]*, 122 AD3d 931 [2014]; *Matter of Cheryale B. [Michelle B.]*, 121 AD3d at 977). Dillon, J.P., Miller, Hinds-Radix and Connolly, JJ., concur.