■ In the Matter of DOUGLAS L. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; CHEYANNE J., Appellant. (Proceeding No. 1.) In the Matter of TRIOANNA W. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; CHEYANNE J., Appellant. (Proceeding No. 2.) In the Matter of CHALA J. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; CHEYANNE J., Appellant. (Proceeding No. 3.) In the Matter of DOUGLIN L. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; CHEYANNE J., Appellant. (Proceeding No. 4.) [47 NYS3d 372]—

Appeal by the mother from an order of fact-finding of the Family Court, Kings County (Ann E. O'Shea, J.), dated December 8, 2015. The order of fact-finding, after a hearing, found that the mother neglected the child Chala J. and derivatively neglected the children Douglas L., Trioanna W., and Douglin L.

Ordered that the order of fact-finding is affirmed, without costs or disbursements.

The petitioner commenced a proceeding pursuant to Family Court Act article 10 alleging, inter alia, that the mother neglected the child Chala J. by inflicting excessive corporal punishment on her, and derivatively neglected her three other children as a result of the excessive corporal punishment inflicted upon Chala J. Chala J. had told a caseworker that, as a result of a dispute over dirty dishes, the mother punched, bit, scratched, and attempted to strangle her. After a fact-finding hearing, the Family Court found that the mother neglected Chala J. and derivatively neglected the other children. The mother appeals.

"At a fact-finding hearing in a neglect proceeding pursuant

to Family Court Act article 10, a petitioner has the burden of proving by a preponderance of the evidence that the subject child was neglected" (*Matter of Negus T. [Fayme B.]*, 123 AD3d 836, 836 [2014]; *see Matter of Luis N.P. [Alquiber R.]*, 127 AD3d 1201 [2015]; *Matter of Jacob P. [Sasha R.]*, 107 AD3d 719 [2013]). "Although parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect" (*Matter of Cheryale B. [Michelle B.]*, 121 AD3d 976, 977 [2014]; *see Matter of Laequise P. [Brian C.]*, 119 AD3d 801, 802 [2014]; *Matter of Matthew M. [Fatima M.]*, 109 AD3d 472 [2013]).

In a child protective proceeding, unsworn out-of-court statements of the subject child may be received and, if properly corroborated, will support a finding of abuse or neglect (*see Matter of Nicole V.*, 71 NY2d 112, 117-118 [1987]; *Matter of Mateo S. [Robin Marie Y.]*, 118 AD3d 891, 892 [2014]). The Family Court has considerable discretion in deciding whether a child's out-of-court statement has been reliably corroborated and whether the record as a whole supports a finding of neglect (*see Matter of Nicole V.*, 71 NY2d at 119; *Matter of Iouke H. [Terrence H.]*, 94 AD3d 889, 890-891 [2012]; *Matter of Alexander M. [Benjamin M.]*, 88 AD3d 794, 795 [2011]; *Matter of Joshua B.*, 28 AD3d 759 [2006]).

Here, a preponderance of the evidence supported the Family Court's finding that the mother neglected Chala J. by inflicting excessive corporal punishment on her (*see Matter of Cheryale B. [Michelle B.]*, 121 AD3d at 977; *Matter of Matthew M. [Fatima M.]*, 109 AD3d at 472; *Matter of Yanni D. [Hope J.]*, 95 AD3d 1313 [2012]; *Matter of Iouke H. [Terrence H.]*, 94 AD3d at 890-891). Contrary to the mother's contention, Chala J.'s out-of-court statements were sufficiently corroborated by testimony from the caseworker as well as photographs taken by the caseworker of Chala J.'s injuries (*see Matter of Hayden C. [Tafari C.]*, 130 AD3d 924, 925 [2015]; *Matter of Jenna U. [Derrick U.]*, 108 AD3d 725 [2013]; *Matter of Joseph O'D. [Denise O'D.]*, 102 AD3d 874, 875 [2013]; *Matter of Charnel T.*, 49 AD3d 427 [2008]). Furthermore, although the mother disputed the allegations, the Family Court's determination that her version of events lacked credibility is entitled to deference and is supported by the record (*see Matter of Sarah W. [Barbara G.F.]*, 122 AD3d 931 [2014]; *Matter of Cheryale B. [Michelle B.]*, 121 AD3d at 977).

Finally, the evidence which established that the mother inflicted excessive corporal punishment on Chala J. was suf-

ficient to support the Family Court's determination that the other three children were derivatively neglected (*see Matter of Hayden C. [Tafari C.]*, 130 AD3d at 925; *Matter of Matthew M. [Fatima M.]*, 109 AD3d at 472). Mastro, J.P., Austin, Miller and Maltese, JJ., concur.