■ In the Matter of TARELLE J. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; WALTER J., Appellant. [58 NYS3d 539]—

Appeal by the father from an order of disposition of the Family Court, Kings County (Daniel Turbow, J.), dated April 8, 2015. The order of disposition, after a hearing, inter alia, placed the father under the supervision of the Administration for Children's Services until October 8, 2015. The appeal brings up for review an order of fact-finding of that court (Michael Ambrosio, J.), dated December 8, 2014, which, after a hearing, found that the father neglected the subject child.

Ordered that the appeal from so much of the order of disposition as placed the father under the supervision of the Administration for Children's Services until October 8, 2015, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appellant, Walter J. (hereinafter the father), is the father of the subject child, Tarelle J. In June 2014, the Administration for Children's Services (hereinafter ACS) commenced this proceeding pursuant to Family Court Act article 10, alleging that on June 17, 2014, the father neglected the child, who was then almost eight years old, by inflicting excessive corporal punishment on him. After a fact-finding hearing, the Family Court found that the father neglected the child. In an order of disposition, made after a hearing, the court, inter alia, placed the father under the supervision of ACS until October 8, 2015. The father appeals from the order of disposition.

The appeal from so much of the order of disposition as placed the father under the supervision of ACS until October 8, 2015, must be dismissed as academic, as that portion of the order has expired by its own terms (see Matter of Paul M. [Tina H.], 146 AD3d 961, 962 [2017]; Matter of Ndeye D. [Benjamin D.], 85 AD3d 1026, 1027 [2011]). However, since an adjudication of neglect constitutes a permanent and significant stigma that might indirectly affect the father's status in future proceedings, the appeal from so much of the order of disposition as brings up for review the finding of neglect is not academic (see Matter of Paul M. [Tina H.], 146 AD3d at 962; Matter of Ndeye D. [Benjamin D.], 85 AD3d at 1027).

In a child protective proceeding, the petitioner has the burden of proving neglect by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]; Matter of Joshua V. [Rahsaan J.], 137 AD3d 1153 [2016]; Matter of Ndeye D. [Benjamin D.], 85 AD3d at 1027). A petitioner may rely upon a child's prior out-of-court statements to satisfy this burden, provided that they are properly corroborated (see Family Ct Act § 1046 [a] [vi]; see also Matter of Paul M. [Tina H.], 146 AD3d at 962; Matter of Era O. [Emmanuel O.], 145 AD3d 895, 897 [2016]). Whether corroborative evidence tends to support the reliability of the out-of-court statements is a determination for the Family Court, which saw and heard the witnesses (see Matter of Christina F., 74 NY2d 532, 536 [1989]; Matter of Hayden C. [Tafari C.], 130 AD3d 924, 925 [2015]; Matter of Michael B. [Samantha B.], 130 AD3d 619, 620 [2015]). "The rule requiring

corroboration is flexible, and any other evidence tending to support the reliability of the child's statements may be sufficient corroboration" (*Matter of Christopher L.*, 19 AD3d 597, 597 [2005]; *see Matter of Nah-Ki B. [Nakia B.]*, 143 AD3d 703, 706 [2016]).

"Although parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect" (*Matter of Cheryale B. [Michelle B.]*, 121 AD3d 976, 977 [2014]; *see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Paul M. [Tina H.]*, 146 AD3d at 962; *Matter of Eliora B. [Kennedy B.]*, 146 AD3d 772, 773 [2017]; *Matter of Era O. [Emmanuel O.]*, 145 AD3d at 897). Even "a single incident of excessive corporal punishment is sufficient to support a finding of neglect" (*Matter of Eliora B. [Kennedy B.]*, 146 AD3d at 773; *see Matter of Nah-Ki B. [Nakia B.]*, 143 AD3d at 705; *Matter of Jehozadak B.W. [Shira E.W.]*, 134 AD3d 729, 729 [2015]; *Matter of Rachel H.*, 60 AD3d 1060, 1061 [2009]).

Here, contrary to the father's contention, a preponderance of the evidence supported the Family Court's finding that the father neglected the subject child by inflicting excessive corporal punishment (*see Matter of Douglas L. [Cheyanne J.]*, 147 AD3d 840, 841 [2017]; *Matter of Paul M. [Tina H.]*, 146 AD3d at 963; *Matter of Isabella D. [David D.]*, 145 AD3d 1003, 1004 [2016]; *Matter of Jehozadak B.W. [Shira E.W.]*, 134 AD3d at 729; *Matter of Amparo B.T. [Carlos B.E.]*, 118 AD3d 809, 811 [2014]; *Matter of Rachel H.*, 60 AD3d at 1061). The father admitted that on June 17, 2014, he hit the child once with a wooden ruler, and other credible evidence established that the child sustained visible marks and swelling on his left forearm as a result, and that this was not an isolated incident (*see Matter of Ashanti R.*, 66 AD3d 1031, 1032 [2009]; *Matter of Sheneika V.*, 20 AD3d 541, 542 [2005]). Contrary to the father's contention, there is no basis for disturbing the court's credibility determinations, which are entitled to deference (*see Matter of Isabella D. [David D.]*, 145 AD3d at 1004; *Matter of Hayden C. [Tafari C.]*, 130 AD3d at 926; *Matter of Luis N.P. [Alquiber R.]*, 127 AD3d 1201, 1202 [2015]; *Matter of Isaiah S.*, 63 AD3d 948, 949 [2009]). Leventhal, J.P., LaSalle, Brathwaite Nelson and Christopher, JJ., concur.