Appeal by Devonne W. from an order of disposition of the Family Court, Kings County (Amanda E. White, J.), dated May 12, 2016. The order, insofar as appealed from, after a hearing, placed the appellant under the supervision of the Administration for Children’s Services for a period of six months. The appeal brings up for review an order of fact-finding of that court dated April 4, 2016, which, after a hearing, found that the appellant was a person legally responsible for the subject child and that he derivatively neglected the subject child.
 

 Ordered that the appeal from so much of the order of disposition as placed the appellant under the supervision of the Administration for Children’s Services for a period of six months is dismissed as academic, without costs or disbursements; and it is further,
 

 Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
 

 In November 2014, the Administration for Children’s Services (hereinafter ACS) commenced this proceeding pursuant to Family Court Act article 10, alleging that the appellant neglected the subject child. After a fact-finding hearing, the Family Court found that the appellant was a person legally responsible for the child, and that he derivatively neglected the child. In an order of disposition, made after a hearing, the court, inter alia, placed the appellant under the supervision of ACS for a period of six months.
 

 The appeal from so much of the order of disposition as placed the appellant under the supervision of ACS for six months must be dismissed as academic, as that portion of the order has expired by its own terms (see Matter of Paul M. [Tina H.], 146 AD3d 961, 962 [2017]; Matter of Dayyan J.L. [Autumn M.], 131 AD3d 1243, 1244 [2015]). However, since an adjudication of derivative neglect constitutes a permanent and significant stigma that might indirectly affect the appellant’s status in future proceedings, the appeal from so much of the order of disposition as brings up for review the finding of derivative neglect is not academic (see Matter of Paul M. [Tina H.], 146 AD3d at 962; Matter of Dayyan J.L. [Autumn M.], 131 AD3d at 1244).
 

 The Family Court properly determined that the appellant, who was the boyfriend of the mother of the subject child, was a person legally responsible for the child (see Family Ct Act § 1012 [g]). The appellant, when before the court, referred to the child as his son, and testified at the fact-finding hearing that he visited the child’s mother on a regular basis and interacted with the child during those visits. An ACS caseworker testified at the fact-finding hearing that, during one of her visits to the mother’s home, she had heard the appellant refer to the child as his son and had observed him caring for the child (see Matter of Trenasia J. [Frank J.], 25 NY3d 1001, 1006 [2015]; Matter of Yolanda D., 88 NY2d 790, 796 [1996]; Matter of Isaiah L. [Chris B.], 119 AD3d 797, 799 [2014]).
 

 The appellant’s remaining contention is unpreserved for appellate review (see Matter of Coleman v Thomas, 295 AD2d 508, 509 [2002]) and, in any event, without merit (see Matter of Kole HH., 61 AD3d 1049, 1053 [2009]; Matter of Brent HH., 309 AD2d 1016, 1018-1019 [2003]).
 

 Accordingly, the Family Court properly found that the appellant derivatively neglected the subject child.
 

 Dillon, J.P., Chambers, Cohen and Iannacci, JJ., concur.