Matter of Symphani F. G. (Otis G.) (2018 NY Slip Op 04719)





Matter of Symphani F. G. (Otis G.)


2018 NY Slip Op 04719


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-06954
2017-06955
 (Docket No. N-4171-15)

[*1]In the Matter of Symphani F. G. (Anonymous). Administration for Children's Services, respondent, Otis G. (Anonymous), appellant.


Steven P. Forbes, Jamaica, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Jeremy W. Shweder and Elizabeth I. Freedman of counsel), for respondent.
Fariah Amin, Astoria, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act aticle 10, the father appeals from an order of fact-finding of the Family Court, Queens County (Emily Ruben, J.), dated November 17, 2016, and an order of disposition of the same court dated May 30, 2017. The order of fact-finding, after a fact-finding hearing, found that the father neglected the subject child. The order of disposition, inter alia, released the child to the custody of the nonrespondent mother under the supervision of the Administration for Children's Services for a period of nine months, and directed the father to participate in therapeutic visitation.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition, and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition as released the subject child to the custody of the nonrespondent mother under the supervision of the Administration for Children's Services for a period of nine months is dismissed, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The appeal from so much of the order of disposition as released the subject child to the custody of the nonrespondent mother under the supervision of the Administration for Children's Services for a period of nine months has been rendered academic, as that portion of the order of disposition has expired by its own terms (see Matter of Brianna M. [Corbert G.], 152 AD3d 600, 601; Matter of Eunice D. [James F.D.], 111 AD3d 627, 628). However, the finding of neglect against the father is not academic since an adjudication of neglect " constitutes a permanent and significant stigma that might indirectly affect the [father's] status in future proceedings'" (Matter of Ndeye D. [Benjamin D.], 85 AD3d 1026, 1027, quoting Matter of Daqwuan G., 29 AD3d 694, 695; see Matter of Tayleese M.C. [Tunisha H.], 127 AD3d 1077, 1077-1078; Matter of Cheryale B. [Michelle B.], 121 AD3d 976, 977).
At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been neglected (see Family Ct Act § 1046[b][i]; Matter of Tammie Z., 66 NY2d 1, 3; Matter of Desiree P. [Michael H.], 149 AD3d 841). The Family Court's findings with respect to credibility are entitled to great weight (see Matter of Desiree P. [Michael H.], 149 AD3d at 841).
Here, contrary to the father's contention, the Family Court's finding of neglect is supported by a preponderance of the evidence showing that the father inflicted excessive corporal punishment upon the subject child (see Family Ct Act § 1012[f][i][B]; Matter of Kaylarose J.H. [Rena R.D.], 160 AD3d 953; Matter of Imaani A. [Rafiyq A.], 150 AD3d 845, 846).
The father's remaining contention is without merit.
RIVERA, J.P., MALTESE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court