Matter of Angela-Marie C. (Renee C.) (2018 NY Slip Op 04713)





Matter of Angela-Marie C. (Renee C.)


2018 NY Slip Op 04713


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
COLLEEN D. DUFFY, JJ.


2017-04113
2017-05393
 (Docket Nos. N-9928-15, V-10106-15, V-10107-15)

[*1]In the Matter of Angela-Marie C. (Anonymous). Westchester County Department of Social Services, respondent; 
and
Renee C. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Toni-Marie B. (Anonymous), respondent, Renee C. (Anonymous), appellant. (Proceeding No. 2)
In the Matter of Toni-Marie B. (Anonymous), petitioner,
and
Westchester County Department of Social Services, respondent. (Proceeding No. 3)


David M. Rosoff, White Plains, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (Allison E. Burke and David Chen of counsel), for respondent in Proceeding No. 1.
Gloria Marchetti-Bruck, White Plains, NY, for respondent in Proceeding No. 2.
Eve Bunting-Smith, White Plains, NY, attorney for child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 6 and 10, the mother appeals from (1) an order of the Family Court, Westchester County (Michelle I. Schauer, J.), dated March 16, 2017, and (2) an order of fact-finding and disposition of the same court dated April 4, 2017. The order dated March 16, 2017, insofar as appealed from, after a hearing, granted the petitions of Toni-Marie B. for custody of the subject child. The order of fact-finding and disposition, after fact-finding and dispositional hearings, and upon the order dated March 16, 2017, found that [*2]the mother neglected the subject child and awarded Toni-Marie B. custody of the subject child.
ORDERED that the order dated March 16, 2017, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
In August 2015, the Westchester County Department of Social Services (hereinafter DSS) commenced a neglect proceeding against the mother of the then 14-year-old subject child, alleging that the mother had scratched the child's face, chest, and arms, and had burned her with cigarettes. At or around the same time, Toni-Marie B., the child's adult sister (hereinafter the sister), filed two petitions pursuant to Family Court Act article 6 seeking custody of the child. During the pendency of the proceedings, the child's temporary placement was modified to place her in the temporary custody of the sister. Following a fact-finding hearing on the neglect petition, the Family Court found that the mother had neglected the child. Following a consolidated dispositional hearing on the neglect and custody petitions, the court awarded custody of the child to the sister pursuant to Family Court Act article 6. The mother appeals.
At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected (see Family Ct Act §§ 1012[f][i]; 1046[b][i]). The Family Court's assessment of the credibility of witnesses is entitled to considerable deference unless clearly unsupported by the record (see Matter of Irene O., 38 NY2d 776, 777; Matter of Maurice M. [Suzanne H.], 158 AD3d 689, 691).
Here, we agree with the Family Court's finding that DSS established, by a preponderance of the evidence, that the mother had neglected the child. The child's out-of-court statements were sufficiently corroborated by the caseworker's observations of the child's injuries, photographs of the child's injuries, and the mother's own admission that she may have scratched the child during an altercation (see Family Ct Act § 1046[a][vi]; Matter of Jehozadak B.W. [Shira E.W.], 134 AD3d 729, 729; Matter of Jallah J. [George J.], 118 AD3d 1000, 1001). Although the mother disputed the allegations, the court determined that she was not credible based on her unsupported allegations, contradictory testimony, and disruptive courtroom behavior (see Matter of Madison H. [Demezz H.-Tabitha A.], 99 AD3d 475, 476; Matter of Caraballo v Colon, 9 AD3d 459, 460). There is no basis in the record to disturb the court's assessment of the witnesses' credibility (see Matter of Dayannie I.M. [Roger I.M.], 138 AD3d 747, 749).
At the consolidated dispositional hearing, the sister demonstrated the existence of extraordinary circumstances supporting an award of custody to her and that an award of custody to her would be in the child's best interests (see Family Ct Act § 1055-b[a][iv][A]; Matter of Bennett v Jeffreys, 40 NY2d 543, 546; Matter of Garcia v Ramos, 79 AD3d 872, 873). The child, who was thriving while in her sister's care and who wished to reside with her sister, had been out of her mother's care for 19 months and had no contact with her mother, who refused to comply with recommended services and wanted the child to remain in foster care. Accordingly, the Family Court providently exercised its discretion in awarding custody of the child to the sister (see Family Ct Act §§ 1052[a][vi]; 1055-b[a], [e]; Matter of Williams v Frank, 148 AD3d 815, 816).
DILLON, J.P., LEVENTHAL, ROMAN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court