Matter of Jaiden M. (Jeffrey R.) (2018 NY Slip Op 07183)





Matter of Jaiden M. (Jeffrey R.)


2018 NY Slip Op 07183


Decided on October 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 25, 2018

Friedman, J.P., Kapnick, Webber, Oing, Moulton, JJ.


7464

[*1]In re Jaiden M., etc., and Others, Children Under Eighteen Years of Age, etc., Jeffrey R., Respondent-Appellant, The Administration for Children's Services, Petitioner-Respondent.


Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Yasmin Zainulbhai of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Claire V. Merkine of counsel), attorney for the children.



Order of fact-finding and disposition, Family Court, New York County (Jane Pearl, J.), entered on or about February 2, 2017, which, to the extent appealed from as limited by the briefs, determined, following a hearing, that respondent is a person legally responsible for one of the subject children, and that he neglected that child and two of his biological children, unanimously affirmed, without costs.
The evidence adduced at the fact-finding hearing supports Family Court's findings that respondent, who had known the subject children's mother for 10 years and was the father of the two youngest subject children, was a person legally responsible for the mother's eldest child within the meaning of Family Court Act § 1012(g). The mother's and the caseworker's undisputed testimony established that respondent provided financial support for the eldest child, whom respondent, by his own testimony admitted he considered to be his son, and that the eldest child often referred to respondent as "daddy" (see Matter of Yolanda D., 88 NY2d 790, 797 [1996]; Matter of Devin W. [Devonne W.], 154 AD3d 723, 724 [2d Dept 2017]; Matter of Keoni Daquan A. [Brandon W.—April A.], 91 AD3d 414, 415 [1st Dept 2012]; Matter of Alexandria X. [Ronald X.], 80 AD3d 1096, 1098 [3d Dept 2011]). The mother also testified that respondent would arrange for the eldest child to spend weekends with him, and that respondent would occasionally spend the night at her home, which permits an inference of substantial familiarity between the eldest child and respondent (see Matter of Kevin N. [Richard D.], 113 AD3d 524, 524 [1st Dept 2014]).
In addition, a preponderance of the evidence establishes that on July 21, 2016, respondent neglected the children by committing an act of domestic violence against the mother while the children were present (see Family Ct Act §§ 1012[f][i][B]; 1046[b][i]; Matter of Andru G. (Jasmine C.], 156 AD3d 456, 457 [1st Dept 2017]; Matter of Moises G. [Luis G.], 135 AD3d 527, 527 [1st Dept 2016]; Matter of Cherish C. [Shanikwa C.], 102 AD3d 597, 598 [1st Dept 2013]). It is undisputed that the mother's medical records established that she was bruised when she went to the hospital immediately after the choking incident occurred.
Contrary to respondent's contention, the caseworker's testimony established that the middle child had witnessed the July 21, 2016 incident (see Matter of Kaila A. [Reginald A.-Lovely A.], 95 AD3d 421, 421 [1st Dept 2012]). The caseworker's and the mother's testimony also established that the eldest child and youngest child were in imminent danger of [*2]physical harm due to their close proximity to the potentially deadly violence that occurred (see Matter of Isabella S. [Robert T.], 154 AD3d 606, 607 [1st Dept 2017]).
The Family Court properly drew a negative inference against respondent for failing to testify at the fact-finding hearing, even though a related criminal proceeding was pending against him at the time of the hearing (see Matter of Rachel S.D. [Luis N.], 113 AD3d 450 [1st Dept 2014]). There is no basis for disturbing
the court's findings of fact and credibility determinations, which are supported by the record (see Matter of Davion A. [Marcel A.], 68 AD3d 406 [1st Dept 2009]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 25, 2018
CLERK