Matter of Dazire S. G. (Jennifer G.) (2020 NY Slip Op 06260)





Matter of Dazire S. G. (Jennifer G.)


2020 NY Slip Op 06260


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
COLLEEN D. DUFFY, JJ.


2019-06338 
2019-06340
 (Index No. N-15097-18)

[*1]In the Matter of Dazire S. G. (Anonymous). Administration for Children's Services, petitioner- respondent; Jennifer G. (Anonymous), appellant, et al., respondent.


Robert J. Marinelli, New York, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Claude S. Platton and Jessica Miller of counsel; Christina Giordanella on the brief), for petitioner-respondent. 
Jacqueline Cabrera, Jamaica, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding of the Family Court, Queens County (Mildred T. Negron, J.), dated March 28, 2019, and (2) an order of disposition of the same court (Joan L. Piccirillo, J.), dated May 8, 2019. The order of fact-finding, after a hearing, found that the mother neglected the subject child. The order of disposition, upon the fact-finding order, inter alia, placed the child with the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition as placed the subject child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing, which was to commence on November 13, 2019, is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs and disbursements.
"At a fact-finding hearing in a neglect proceeding pursuant to Family Court Act article 10, a petitioner has the burden of proving by a preponderance of the evidence that the subject child was neglected" (Matter of Negus T. [Fayme B.], 123 AD3d 836, 836; see Matter of Lea E.P. [Jason J.P.], 176 AD3d 715, 715-716). "Although parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect" (Matter of Cheryale B. [Michelle B.], 121 AD3d 976, 977). In a child protective proceeding, unsworn out-of-court statements of the subject child [*2]may be received and, if properly corroborated, support a finding of abuse or neglect (see Matter of Nicole V., 71 NY2d 112, 117-118; Matter of Mateo S. [Robin Marie Y.], 118 AD3d 891, 892). The Family Court has considerable discretion in deciding whether a child's out-of-court statement has been reliably corroborated and whether the record as a whole supports a finding of neglect (see Matter of Nicole V., 71 NY2d at 119). Where, as here, there is conflicting testimony, and the matter turns upon the assessment of the credibility of witnesses, the factual findings of the Family Court must be accorded great weight (see Matter of Heather S., 19 AD3d 606, 608).
We agree with the Family Court's finding that the mother neglected the child by inflicting excessive corporal punishment on her (see Matter of Cheryale B. [Michelle B.], 121 AD3d at 977; see also Matter of Nataysha O. [Manuel O.], 135 AD3d 660, 660-661). Contrary to the mother's contention, the child's out-of-court statements were sufficiently corroborated, among other things in the record, by the testimony of the caseworker and police officer (see Matter of Douglas L. [Cheyanne J.], 147 AD3d 840, 841; Matter of Hayden C. [Tafari C.], 130 AD3d 924, 925). Although the mother disputed the allegations, the court's determination that the mother's version of events lacked credibility is entitled to deference and is supported by the record (see Matter of Hayden C. [Tafari C.], 130 AD3d at 926; Matter of Cheryale B. [Michelle B.], 121 AD3d at 977).
RIVERA, J.P., DILLON, MALTESE and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court