Matter of Thaddeus R. (Gabrielle V.) (2021 NY Slip Op 05704)





Matter of Thaddeus R. (Gabrielle V.)


2021 NY Slip Op 05704


Decided on October 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2020-04504
 (Docket No. N-3532-18)

[*1]In the Matter of Thaddeus R. (Anonymous). Administration for Children's Services, respondent; Gabrielle. (Anonymous), appellant.


Law Offices of Thomas F. Liotti, LLC, Garden City, NY (Lucia M. Ciaravino of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York, NY (Melanie T. West and Jonathan A. Popolow of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Judith Stern), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding of the Family Court, Queens County (Emily Ruben, J.), dated March 10, 2020. The order of fact-finding, after a hearing, found that the mother neglected the subject child.
ORDERED that the order of fact-finding is affirmed, without costs or disbursements.
By petition dated February 14, 2018, the Administration for Children's Services (hereinafter ACS) alleged that the mother neglected the subject child by misusing alcoholic beverages and inflicting excessive corporal punishment. In an order of fact-finding dated March 10, 2020, made after a hearing, the Family Court found that the mother neglected the child. The mother appeals.
A neglected child is one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent . . . to exercise a minimum degree of care" (Family Ct Act § 1012[f][i]). "In a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of proving neglect by a preponderance of the evidence" (Matter of Elisa V. [Hung V.], 159 AD3d 827, 828; see Family Ct Act § 1046[b]). "Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor" (Matter of Lea E.P. [Jason J.P.], 176 AD3d 715, 716 [internal quotation marks omitted]). "A petitioner may rely upon a child's prior out-of-court statements to satisfy this burden, provided that they are properly corroborated" (Matter of Tarelle J. [Walter J.], 152 AD3d 593, 594). "Whether corroborative evidence tends to support the reliability of the out-of-court statements is a determination for the Family Court, which saw and heard the witnesses" (id. at 594). "The rule requiring corroboration is flexible, and any other evidence tending to support the reliability of the child's statements may be sufficient corroboration" [*2](id. at 594-595 [internal quotation marks omitted]). "Although parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect" (Matter of Elisa V. [Hung V.], 159 AD3d at 828 [internal quotation marks omitted]). "A single incident of excessive corporal punishment may suffice to sustain a finding of neglect" (id.).
Here, as the mother argues, ACS did not prove by a preponderance of the evidence that she neglected the child through repeated misuse of alcohol (see Family Ct Act § 1046[a][iii]). However, contrary to the mother's contention, a preponderance of the evidence supports the Family Court's finding that the mother neglected the child through the infliction of excessive corporal punishment (see Matter of Elisa V. [Hung V.], 159 AD3d at 828). Deferring to the hearing court's credibility findings, the evidence at the fact-finding hearing established that the mother punched, hit, and scratched the child, leaving a red mark on the child's knee which was visible to a caseworker who spoke with the child three days after the incident (see Matter of Lea E.P. [Jason J.P.], 176 AD3d at 716). The mother's use of corporal punishment was excessive under the circumstances and did not constitute "reasonable physical force . . . in order to maintain discipline" (Matter of Elisa V. [Hung V.], 159 AD3d at 828 [internal quotation marks omitted]). Contrary to the mother's contention, the child's out-of-court statements were sufficiently corroborated by the testimony of the caseworker and an emergency medical technician who responded to the child's home after the child called 911 to report the mother's conduct (see Matter of Cecile D. [Kassia D.], 189 AD3d 1036). Accordingly, the court properly found that the mother neglected the child through the infliction of excessive corporal punishment.
The mother's contention that the Family Court was biased against her is unpreserved for appellate review (see Matter of Baby Girl Z. [Yaroslava Z.], 140 AD3d 893, 894). In any event, the record does not reflect that the court was biased against the mother.
The mother's remaining contentions are without merit.
DILLON, J.P., CHRISTOPHER, WOOTEN and DOWLING, JJ., concur.

2020-04504 DECISION & ORDER ON MOTION
In the Matter of Thaddeus R. (Anonymous).
Administration for Children's Services, respondent;
Gabrielle V. (Anonymous), appellant.
(Docket No. N-3532-18)

Motion by the appellant, inter alia, to strike stated portions of the briefs of the respondent and the attorney for the child on an appeal from an order of fact-finding of the Family Court, Queens County, dated March 10, 2020, on the ground that the stated portions of the briefs refer to matter dehors the record. By decision and order on motion of this Court dated March 12, 2021, that branch of the motion which is to strike stated portions of the briefs of the respondent and the attorney for the child was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the branch of the motion which is to strike stated portions of the briefs of the respondent and the attorney for the child on the ground that they refer to matter dehors the record is denied.
DILLON, J.P., CHRISTOPHER, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court