Appeals from (1) an order of fact-finding of the Family Court, Queens County (Joan L. Piccirillo, J.), dated June 8, 2016, and (2) an order of disposition of that court dated July 11, 2016. The order of fact-finding, after a hearing, found that the father neglected the child Maya B. and derivatively neglected the child Charles B. The order of disposition, after a hearing, inter alia, placed the child Maya B. in the custody of the mother.
 

 Ordered that the appeal from so much of the order of fact-finding as found that the father neglected the child Maya B. is dismissed, without costs or disbursements, as that portion of the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
 

 Ordered that the order of fact-finding is affirmed insofar as reviewed, without costs or disbursements; and it is further,
 

 Ordered that the order of disposition is affirmed, without costs or disbursements.
 

 The petitioner commenced these proceedings pursuant to Family Court Act article 10, alleging that the father neglected the child Maya B., who was then 14 years old, by inflicting excessive corporal punishment on her, and derivatively neglected the child Charles B., who was then 16 years old. After a fact-finding hearing, in an order dated June 8, 2016, the Family Court found that the father neglected Maya B. and derivatively neglected Charles B. The attorney for Charles B. then moved to dismiss the petition as to Charles B. pursuant to Family Court Act § 1051 (c) rather than proceed to a dispositional hearing on the ground that the aid of the court was no longer necessary with respect to Charles B., who would be turning 18 within a few months. The petitioner consented, and in an order dated June 9, 2016, the court dismissed the petition as to Charles B. After a dispositional hearing, the court, inter alia, placed Maya B. in the custody of her mother.
 

 In a child protective proceeding, the petitioner has the burden of proving neglect by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]). A petitioner may rely upon a child’s prior out-of-court statements to satisfy this burden, provided that they are properly corroborated (see Family Ct Act § 1046 [a] [vi]; Matter of Christina F., 74 NY2d 532, 536 [1989]; Matter of Nicole V., 71 NY2d 112, 118 [1987]). Corroboration means “[a]ny other evidence tending to support the reliability of the previous statements” (Family Ct Act § 1046 [a] [vi]; see Matter of Christina F., 74 NY2d at 536; Matter of Nicole V., 71 NY2d at 118). Whether corroborative evidence tends to support the reliability of the out-of-court statements is a determination for the Family Court, which saw and heard the witnesses (see Matter of Christina F., 74 NY2d at 536; Matter of Nicole V., 71 NY2d at 119).
 

 Although parents have a right to use reasonable physical force against a child in order “to maintain discipline or to promote the welfare of [the child]” (Penal Law § 35.10 [1]), the use of excessive corporal punishment constitutes neglect (see Family Ct Act § 1012 [f] [i] [B]). In this case, the Family Court’s finding of neglect was supported by a preponderance of the evidence. The evidence demonstrated that on more than one occasion, the father engaged in excessive corporal punishment of Maya B. by acts which included repeatedly slapping her across the face, knocking her to the ground, hitting her once she was on the ground and punching her in the face with a closed fist, kicking her in the ribs while she was on the ground, and throwing a can of soda at her, which struck her on the forehead. Maya B.’s out-of-court statements were sufficiently corroborated by the caseworker’s observation of bruises on Maya B.’s face, the father’s admission to slapping Maya B. and throwing her to the floor, hospital emergency room records, and out-of-court statements of Charles B. (see Matter of Tarelle J. [Walter J.], 152 AD3d 593, 595 [2017]; Matter of Era O. [Emmanuel O.], 145 AD3d 895, 898 [2016]; Matter of Hayden C. [Tafari C.], 130 AD3d 924, 925 [2015]; Matter of Cheryale B. [Michelle B.], 121 AD3d 976, 977 [2014]; Matter of Isaiah S., 63 AD3d 948, 949 [2009]).
 

 The evidence that the father used excessive corporal punishment to discipline Maya B. was sufficient to support the Family Court’s determination that he derivatively neglected Charles B. (see Family Ct Act § 1046 [a] [i]; Matter of Era O. [Emmanuel O.], 145 AD3d at 898; Matter of Hayden C. [Tafari C.], 130 AD3d at 926; Matter of Cheryale B. [Michelle B.], 121 AD3d at 977; Matter of Isaiah S., 63 AD3d at 949).
 

 Austin, J.P., Roman, Sgroi and Brathwaite Nelson, JJ., concur.