Matter of Jaylen D.-H. (Jennifer D.) (2018 NY Slip Op 05161)





Matter of Jaylen D.-H. (Jennifer D.)


2018 NY Slip Op 05161


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2017-00636
 (Docket Nos. N-2060-16, N-2061-16)

[*1]In the Matter of Jaylen D.-H. (Anonymous). Suffolk County Department of Social Services, respondent; Jennifer D. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Kyla D.-H. (Anonymous). Suffolk County Department of Social Services, respondent; Jennifer D. (Anonymous), appellant. (Proceeding No. 2)


Heather A. Fig, Bayport, NY, for appellant.
Dennis M. Brown, County Attorney, Central Islip, NY (Alex J. Berkman of counsel), for respondent.
Steven M. Burton, Central Islip, NY, attorney for the children.



DECISION & ORDER
In two related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Deborah Poulos, J.), dated October 18, 2016. The order, after a fact-finding and dispositional hearing, found that the mother neglected the subject children and released the children to the custody of the mother with supervision by the petitioner until October 17, 2017.
ORDERED that the appeal from so much of the order of fact-finding and disposition as released the children to the custody of the mother with supervision by the petitioner until October 17, 2017, is dismissed as academic, without costs or disbursements, as that portion of the order expired by its own terms (see Matter of Amber A. [Thomas E.], 108 AD3d 664); and it is further,
ORDERED that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.
The petitioner commenced these two related proceedings pursuant to Family Court Act article 10, alleging that the mother neglected the subject children. Following a fact-finding and dispositional hearing, the Family Court issued an order of fact-finding and disposition which, inter alia, found that the mother neglected the children. The mother appeals.
At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected (see Family Ct Act § 1046[b][i]; Matter of Nsongurua N. [Nsikak O.], 158 AD3d 695; Matter of Maya B. [Muke B.], 156 AD3d 784). The petitioner meets this burden with evidence showing that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of a parent's failure to exercise a minimum degree of care in providing proper supervision and guardianship for the child (see Matter of Michael G. [Marie S.F.], 152 AD3d 590). In reviewing such a determination, the Family Court's assessment of the credibility of witnesses is entitled to considerable deference (see Matter of Jamel T. [Gemayel T.], 120 AD3d 504, 505; Matter of Monica C.M. [Arnold A.], 107 AD3d 996, 997). Based upon our review of the record, we conclude that the Family Court's determination that the mother neglected the children is supported by a preponderance of the evidence (see Matter of Monica M. [Mary M.], 151 AD3d 1705; Matter of Warren RR. [Brittany Q.], 143 AD3d 1072).
The mother's remaining contention is without merit.
SCHEINKMAN, P.J., DILLON, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court