Matter of Grace M. (Leighton M.) (2020 NY Slip Op 01169)





Matter of Grace M. (Leighton M.)


2020 NY Slip Op 01169


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2019-02586
2019-02587
 (Docket No. N-5183-18)

[*1]In the Matter of Grace M. (Anonymous). Administration for Children's Services, respondent; Leighton M. (Anonymous), appellant.


Rhea G. Friedman, New York, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Kathy Park and Ingrid R. Gustafson of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Claire V. Merkine of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Queens County (Diane Costanzo, J.), dated January 14, 2019, and (2) an order of disposition of the same court dated February 21, 2019. The order of fact-finding, after a fact-finding hearing, found that the father neglected the subject child. The order of disposition, upon the order of fact-finding and after a dispositional hearing, inter alia, placed the subject child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition as placed the child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) commenced this proceeding pursuant to Family Court Act article 10, alleging that the father neglected the subject child by inflicting excessive corporal punishment on her. After a fact-finding hearing, the Family Court found that the father had neglected the child. After a dispositional hearing, the court, inter alia, placed the child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing. The father appeals.
The appeal from so much of the order of disposition as placed the child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing must be dismissed as academic as additional permanency hearings have thereafter been held (see Matter of Peter T. [Shay S.P.], 173 AD3d 1043, 1045). "The appeal from the portion of that order which brings up for review the finding of neglect is not academic, however, because the adjudication of neglect constitutes a permanent and significant stigma, which might indirectly affect the [father's] status in future proceedings" (Matter of Diamonte O. [Tiffany R.], 116 AD3d 866, 867).
"In order to establish neglect of a child, the petitioner must demonstrate, by a preponderance of the evidence, (1) that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Matter of Era O. [Emmanuel O.], 145 AD3d 895, 897; see Family Ct Act §§ 1012[f][i]; 1046[b]). "Although parents have a right to use reasonable physical force against a child . . . to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect" (Matter of Kaylarose J.H. [Rena R.D.], 160 AD3d 953, 955 [internal quotation marks omitted]; see Matter of Eliora B. [Kennedy B.], 146 AD3d 772, 773). "Moreover, a single incident of excessive corporal punishment may suffice to sustain a finding of neglect" (Matter of Era O. [Emmanuel O.], 145 AD3d at 897; see Matter of Kaylarose J.H. [Rena R.D.], 160 AD3d at 955; Matter of Za'Niya D. [Kenneth R.], 133 AD3d 657, 657).
Here, a preponderance of the evidence supports the Family Court's finding that the father neglected the child by inflicting excessive corporal punishment on her (see Matter of Maya B. [Muke B.], 156 AD3d 784, 786; Matter of Amparo B.T. [Carlos B.E.], 118 AD3d 809, 811). "In proving neglect, the petitioner may introduce evidence of the child's prior out-of-court statement relating to the alleged neglect" (Matter of Era O. [Emmanuel O.], 145 AD3d at 897). "That evidence may serve as a basis for a finding of neglect as long as the statement is corroborated to ensure its reliability" (id.; see Family Ct Act § 1046[a][vi]). "Corroboration means any other evidence tending to support the reliability of the previous statements" (Matter of Maya B. [Muke B.], 156 AD3d at 785 [internal quotation marks omitted]; see Family Ct Act § 1046[a][vi]). "The Family Court has considerable discretion in deciding whether a child's out-of-court statement has been reliably corroborated and whether the record as a whole supports a finding of neglect" (Matter of Douglas L. [Cheyanne J.], 147 AD3d 840, 841).
Contrary to the father's contention, the child's out-of-court statements describing the acts of excessive corporal punishment were sufficiently corroborated by the caseworker's descriptions of his observations of the child's injuries and by the photographs of those injuries (see Family Ct Act § 1046[a][vi]; Matter of Samuel W. [Luemay F.], 160 AD3d 755, 756; Matter of Douglas L. [Cheyanne J.], 147 AD3d at 841).
The father's contention that the Family Court erred when it rejected his testimony concerning how the child sustained injuries is without merit. The court's determination that the father's version of the subject events lacked credibility is entitled to deference and is supported by the record (see Matter of Samuel W. [Luemay F.], 160 AD3d at 756; Matter of Douglas L. [Cheyanne J.], 147 AD3d at 841).
The father's remaining contention is without.
SCHEINKMAN, P.J., MASTRO, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court