Matter of Emmanuel E. (Debra C.) (2020 NY Slip Op 05899)





Matter of Emmanuel E. (Debra C.)


2020 NY Slip Op 05899


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2019-05938
 (Docket No. N-27261-16)

[*1]In the Matter of Emmanuel E. (Anonymous). Administration for Children's Services, petitioner- respondent; Debra C. (Anonymous), appellant, et al., respondent.


Joan N.G. James, Brooklyn, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Claude S. Platton and Daniel Matza-Brown of counsel; Isaac Landa on the brief), for petitioner-respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Judith Stern of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the maternal grandmother appeals from an order of fact-finding and disposition of the Family Court, Kings County (Alicea Elloras-Ally, J.), dated April 25, 2019. The order of fact-finding and disposition, after fact-finding and dispositional hearings, inter alia, found that the maternal grandmother neglected the subject child.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
In a petition dated November 2, 2016, the Administration for Children's Services (hereinafter ACS) alleged that the maternal grandmother neglected the subject child by inflicting excessive corporal punishment on him. Following a fact-finding hearing, the Family Court found that the maternal grandmother neglected the child. The maternal grandmother appeals.
"In a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of proving neglect by a preponderance of the evidence" (Matter of Elisa V. [Hung V.], 159 AD3d 827, 828; see Family Ct Act § 1046[b]). "Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor" (Matter of Lea E.P. [Jason J.P.], 176 AD3d 715, 716 [internal quotation marks omitted]). "Although parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect" (Matter of Elisa V. [Hung V.], 159 AD3d at 828 [internal quotation marks omitted]). "A single incident of excessive corporal punishment may suffice to sustain a finding of neglect" (id.).
Here, we agree with the Family Court's determination that ACS established by a preponderance of the evidence that the maternal grandmother neglected the child by inflicting excessive corporal punishment on him (see Family Ct Act § 1046[b]; Matter of Elisa V. [Hung V.], 159 AD3d at 828). Deferring to the court's credibility findings and taking into account the negative inference that the court drew against the maternal grandmother for not testifying, the evidence at the fact-finding hearing established that the maternal grandmother had hit the child repeatedly with a silver cooking spoon and that one of these blows had caused a mark on his shoulder that remained visible two days after the incident (see Matter of Henry B. [Cynthia M.], 180 AD3d 667, 669; Matter of Lea E.P. [Jason J.P.], 176 AD3d at 716). Contrary to the maternal grandmother's contention, the evidence did not support a finding that the child had caused that mark himself. The maternal grandmother's use of corporal punishment under these circumstances was excessive and did not constitute "reasonable physical force . . . in order to maintain discipline" (Matter of Elisa V. [Hung V.], 159 AD3d at 828 [internal quotation marks omitted]).
MASTRO, J.P., MILLER, MALTESE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court