Matter of Caitlyn M. (Marie M.) (2020 NY Slip Op 06264)





Matter of Caitlyn M. (Marie M.)


2020 NY Slip Op 06264


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2019-12560
 (Docket No. N-2353-18)

[*1]In the Matter of Caitlyn M. (Anonymous). Administration for Children's Services, respondent; Marie M. (Anonymous), appellant.


Anthony DeGuerre, Staten Island, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Jane L. Gordon and Antonella Karlin of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Riti P. Singh of counsel; Pearl Lee on the brief), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding and disposition of the Family Court, Richmond County (Karen Wolff, J.), dated October 15, 2019. The order, upon findings of fact dated September 16, 2019, made after a hearing, inter alia, found that the mother neglected the subject child.
ORDERED that the order is affirmed, without costs or disbursements.
"A neglected child is a child less than 18 years old 'whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof'" (Matter of Joseph Bruce I. [Joseph A.I.], 185 AD3d 930, 931, quoting Family Ct Act § 1012[f][i][B]). "'Although parents have a right to use reasonable physical force against a child . . . to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect'" (Matter of Grace M. [Leighton M.], 180 AD3d 912, 913, quoting Matter of Kaylarose J.H. [Rena R.D.], 160 AD3d 953, 955).
Here, a preponderance of the evidence supports the Family Court's finding that the mother neglected the child by inflicting excessive corporal punishment upon her (see Matter of Grace M. [Leighton M.], 180 AD3d at 913; Matter of Kaylarose J.H. [Rena R.D.], 160 AD3d at 955). Contrary to the mother's contention, a single incident of excessive corporal punishment may suffice to sustain a finding of neglect (see Matter of Grace M. [Leighton M.], 180 AD3d at 912; Matter of Kaylarose J.H. [Rena R.D.], 160 AD3d at 955).
MASTRO, J.P., LEVENTHAL, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court