Matter of Cecile D. (Kassia D.) (2020 NY Slip Op 07379)





Matter of Cecile D. (Kassia D.)


2020 NY Slip Op 07379


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2018-10340
 (Docket Nos. N-3191-15, N-3192-15)

[*1]In the Matter of Cecile D. (Anonymous). Administration for Children's Services, respondent; Kassia D. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Fatoumata D. (Anonymous). Administration for Children's Services, respondent; Kassia D. (Anonymous), appellant. (Proceeding No. 2.)


Joseph H. Nivin, Forest Hills, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Claude S. Platton and Aaron M. Bloom of counsel), for respondent.
Linda C. Braunsberg, Staten Island, NY, attorney for the child Cecile D.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Kings County (Elizabeth Barnett, J.), dated July 31, 2018. The order of disposition, insofar as appealed from, upon an order of fact-finding of the same court (Barbara Salinitro, J.) dated January 19, 2017, made after a fact-finding hearing, finding that the mother neglected the subject children, upon an order of the same court (Barbara Salinitro, J.) dated March 1, 2017, denying the mother's motion, inter alia, to vacate the order of fact-finding and reopen the fact-finding hearing, and after a dispositional hearing, released the older child to the custody of the nonrespondent grandmother and placed the younger child in the custody of the nonrespondent grandmother.
ORDERED that the appeal from so much of the order of disposition as placed the younger child in the custody of the nonrespondent grandmother is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The petitioner commenced these proceedings pursuant to Family Court Act article 10, alleging that the mother neglected her older child by inflicting excessive corporal punishment upon her, and that the mother derivatively neglected her younger child. Thereafter, the petitioner amended the petitions to add an allegation that the mother had neglected both children by failing to take appropriate measures to address her mental health issues. After fact-finding and dispositional [*2]hearings, the Family Court, inter alia, determined that the mother neglected the children as alleged in the petitions, released the older child to the custody of the grandmother, and placed the younger child in the custody of the grandmother. The mother appeals.
As an initial matter, the appeal from so much of the order of disposition as placed the younger child in the grandmother's custody must be dismissed as academic as it was superseded by a subsequent permanency order from which the mother has not appealed (see Matter of Denise V.E.J. [Latonia J.], 163 AD3d 667, 669). The appeal from the order of disposition, insofar as it brings up for review the finding that the mother neglected the subject children, is not academic, since the adjudication of neglect constitutes a permanent and significant stigma, which might indirectly affect the mother's status in future proceedings (see Matter of Agam B. [Janna W.], 143 AD3d 702, 703).
Contrary to the mother's contention, the record demonstrates that her waiver of her right to counsel was knowingly, voluntarily, and intelligently made. "A respondent in any proceeding under article 10 of the Family Court Act has both a constitutional and a statutory right to the assistance of counsel" (Matter of Alivia F. [John F.], 167 AD3d 880, 881; see US Const Amend VI; NY Const, art I, § 6; Family Ct Act § 262[a][i]; Matter of Jung [State Commn. on Jud. Conduct], 11 NY3d 365, 373). A respondent may waive that right and proceed without counsel (see People v Arroyo, 98 NY2d 101, 103; Matter of Guzzo v Guzzo, 50 AD3d 687, 688). "However, prior to permitting a party to proceed pro se, the court must determine that the decision to do so is made knowingly, intelligently, and voluntarily" (Matter of Stephen Daniel A. v Sandra M., 87 AD3d 735, 736; see People v Arroyo, 98 NY2d at 103). In determining whether a respondent's waiver is made knowingly, voluntarily, and intelligently, the trial court is obligated to conduct a "'searching inquiry'" (People v Arroyo, 98 NY2d at 103, quoting People v Slaughter, 78 NY2d 485, 491; see Matter of Kathleen K. [Steven K.], 17 NY3d 380, 385; Matter of Alivia F. [John F.], 167 AD3d at 881). "A waiver is voluntarily made when the trial court advises the [respondent] and can be certain that the dangers and disadvantages of giving up the fundamental right to counsel have been impressed upon the [respondent]" (Matter of Kathleen K. [Steven K.], 17 NY3d 380, 385-386 [internal quotation marks omitted]; see Matter of Stephen Daniel A. v Sandra M., 87 AD3d at 736; Matter of Jetter v Jetter, 43 AD3d 821, 822).
Here, the Family Court explained the dangers and disadvantages of proceeding without counsel and the mother clearly, unequivocally, and repeatedly acknowledged that she understood the right she was waiving and expressed that she wished to proceed without counsel. Accordingly, the record demonstrates that the court conducted a sufficiently searching inquiry to ensure that the mother's waiver of her right to counsel was knowingly, voluntarily, and intelligently made (see Matter of Saunders v Scott, 172 AD3d 724, 725; Matter of Pitkanen v Huscher, 167 AD3d 901, 902).
The mother's challenge to the finding that she neglected the children is without merit. "At a fact-finding hearing in a neglect proceeding pursuant to Family Court Act article 10, a petitioner has the burden of proving by a preponderance of the evidence that the subject child was neglected" (Matter of Negus T. [Fayme B.], 123 AD3d 836, 836; see Family Ct Act § 1046[b][i]; Nicholson v Scoppetta, 3 NY3d 357, 368). "In order to establish neglect of a child, the petitioner must demonstrate, by a preponderance of the evidence, (1) that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Matter of Era O. [Emmanuel O.], 145 AD3d 895, 897; see Family Ct Act §§ 1012[f][i]; 1046[b]).
"Although parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect" (Matter of Cheryale B. [Michelle B.], 121 AD3d 976, 977; see Matter of Laequise P. [Brian C.], 119 AD3d 801, 802). Even "a single incident of excessive corporal punishment is sufficient to support a finding of neglect" (Matter of Eliora B. [Kennedy B.], 146 AD3d 772, 773).
"In a child protective proceeding, unsworn out-of-court statements of the subject child may be received and, if properly corroborated, will support a finding of abuse or neglect" (Matter of Paul M. [Tina H.], 146 AD3d 961, 962; see Matter of Nicole V., 71 NY2d 112, 117-118). "Corroboration means any other evidence tending to support the reliability of the previous statements" (Matter of Maya B. [Muke B.], 156 AD3d 784, 785 [internal quotation marks omitted]; see Family Ct Act § 1046[a][vi]). "The Family Court has considerable discretion in deciding whether a child's out-of-court statement has been reliably corroborated and whether the record as a whole supports a finding of neglect" (Matter of Paul M. [Tina H.], 146 AD3d at 962-963; see Matter of Nicole V., 71 NY2d at 119; Matter of Christina F., 74 NY2d 532, 536).
Here, a preponderance of the evidence supported the Family Court's finding that the mother neglected the older child by inflicting excessive corporal punishment upon her. The older child's out-of-court statements describing the mother's use of excessive corporal punishment were corroborated by the caseworkers' testimony (see Matter of Grace M. [Leighton M.], 180 AD3d 912, 913-914; Matter of Hayden C. [Tafari C.], 130 AD3d 924, 925). The evidence which established that the mother inflicted excessive corporal punishment on the older child was sufficient to support the court's determination that the younger child was derivatively neglected (see Matter of Douglas L. [Cheyanne J.], 147 AD3d 840, 841).
Furthermore, "[w]hile evidence of a parent's mental illness, alone, is insufficient to support a finding of neglect of a child, such evidence may support a neglect determination 'when the proof further demonstrates that the parent's condition creates an imminent risk of physical, mental, or emotional harm to the child'" (Matter of Henry B. [Cynthia M.], 180 AD3d 667, 669, quoting Matter of Maurice M. [Suzanne H.], 158 AD3d 689, 690-691). Here, the evidence adduced at the fact-finding hearing established, by a preponderance of the evidence, that the mother suffered from a mental illness and that the physical, mental, or emotional condition of the children was in imminent danger of becoming impaired as a result of such illness (see Matter of Henry B. [Cynthia M.], 180 AD3d at 669). Accordingly, the record supports the Family Court's finding that the mother neglected the children.
Contrary to the mother's further contention, the Family Court properly denied her motion, among other things, to vacate the order of fact-finding and reopen the fact-finding hearing. The mother failed to demonstrate that she was entitled to the relief that she requested and, under the circumstances, we discern no error in the court's denial of her motion (see Matter of Commissioner of Social Servs. v Margaret D., 221 AD2d 439,439; Matter of Male J., 214 AD2d 417, 417; Matter of Jamel H., 187 AD2d 513, 513).
The mother's remaining contentions are without merit. Accordingly, we affirm the order of disposition, insofar as reviewed.
DILLON, J.P., CHAMBERS, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court