Matter of Janiya T. (Johnas M.) (2021 NY Slip Op 00568)





Matter of Janiya T. (Johnas M.)


2021 NY Slip Op 00568


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2020-02096 
2020-02097
 (Docket No. N-11567-18)

[*1]In the Matter of Janiya T. (Anonymous). Administration for Children's Services, respondent; Johnas M. (Anonymous), appellant.


Lauri Gennusa, Laurelton, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Rebecca L. Visgaitis and Barbara Graves-Poller of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Polixene Petrakopoulos of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding of the Family Court, Queens County (Monica D. Shulman, J.), dated August 7, 2019, and (2) an order of disposition of the same court dated December 3, 2019. The order of fact-finding, after a fact-finding hearing, found that the mother neglected the subject child. The order of disposition, after a dispositional hearing, inter alia, placed the subject child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition as placed the subject child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
In a petition dated June 11, 2018, the Administration for Children's Services (hereinafter ACS) alleged that the mother neglected the subject 14-year-old child by inflicting excessive corporal punishment on her. Following a fact-finding hearing, the Family Court found that the mother neglected the child. The mother appeals.
The appeal from so much of the order of disposition as placed the child in the custody [*2]of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing must be dismissed as academic, as the period of placement has expired (see Matter of Zana C. [Dana F.], 171 AD3d 1045, 1047; Matter of Michael G. [Marie S.F.], 152 AD3d 590, 590). The adjudication of neglect, however, "constitutes a permanent and significant stigma, which might indirectly affect the [status of the mother in potential] future proceedings" (Matter of Grace M. [Leighton M.], 180 AD3d 912, 913 [internal quotation marks omitted]). Therefore, the appeal from so much of the order of disposition as brings up for review the finding that the mother neglected the child is not academic (see id. at 913).
"In a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of proving neglect by a preponderance of the evidence" (Matter of Elisa V. [Hung V.], 159 AD3d 827, 828; see Family Ct Act § 1046[b]). "Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor" (Matter of Emmanuel E. [Debra C.], 187 AD3d 1014, 1014 [internal quotation marks omitted]). "Although parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect" (Matter of Elisa V. [Hung V.], 159 AD3d at 828 [internal quotation marks omitted]). Even "'[a] single incident of excessive corporal punishment may suffice to sustain a finding of neglect'" (Matter of Emmanuel E. [Debra C.], 187 AD3d at 1014, quoting Matter of Elisa V. [Hung V.], 159 AD3d at 828).
Here, the Family Court properly determined that ACS established by a preponderance of the evidence that the mother neglected the child by inflicting excessive corporal punishment on her (see Family Ct Act § 1046[b]; Matter of Emmanuel E. [Debra C.], 187 AD3d 1014; Matter of Elisa V. [Hung V.], 159 AD3d at 828). Deferring to the court's credibility findings, the evidence at the fact-finding hearing established that the mother repeatedly struck the child with a leather purse strap, and that several of these blows left linear red welts on the child's arms, legs, and abdomen that were readily observable in photographs taken after the incident (see Matter of Emmanuel E. [Debra C.], 187 AD3d 1014; Matter of Tarelle J. [Walter J.], 152 AD3d 593, 595). Contrary to the mother's contention, the evidence did not support a finding that she was acting in self-defense or that her actions were a reasonable response to provocations by the child (cf. Matter of Anastasia L.-D. [Ronald D.], 113 AD3d 685, 686), and, moreover, it was uncontroverted that this was not an isolated incident (see Matter of Zana C. [Dana F.], 171 AD3d at 1047; Matter of Tarelle J. [Walter J.], 152 AD3d at 595).
Contrary to the mother's contention, there is no basis for disturbing the Family Court's credibility determinations, which are entitled to deference (see Matter of Angela-Marie C. [Renee C.], 162 AD3d 1010, 1011; Matter of Tarelle J. [Walter J.], 152 AD3d at 595).
DILLON, J.P., LASALLE, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court