Matter of Je'laya J. (Tracey S.) (2021 NY Slip Op 01776)





Matter of Je'laya J. (Tracey S.)


2021 NY Slip Op 01776


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2020-01531
 (Docket No. N-9962-18)

[*1]In the Matter of Je'laya J. (Anonymous). Administration for Children's Services, petitioner-respondent; Tracey S. (Anonymous), appellant, et al., respondent.


Steven P. Forbes, Jamaica, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Deborah A. Brenner and Kevin Osowski of counsel), for petitioner-respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Diane Pazar of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, Tracey S. appeals from an order of disposition of the Family Court, Kings County (Elizabeth Barnett, J.), dated January 9, 2020. The order of disposition, upon an order of fact-finding of the same court dated December 23, 2019, finding, inter alia, that Tracey S. neglected the subject child, among other things, placed the child in the custody of the Commissioner of Social Services until the completion of the next permanency hearing.
ORDERED that the appeal from so much of the order of disposition as placed the child in the custody of the Commissioner of Social Services is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) commenced this proceeding pursuant to Family Court Act article 10 alleging, inter alia, that Tracey S. had neglected her boyfriend's daughter. Following a fact-finding hearing, the Family Court, in an order of fact-finding dated December 23, 2019, determined, among other things, that Tracey S. was a person legally responsible for the child and that she had neglected the child. Tracey S. appeals. We affirm.
The appeal from so much of the order of disposition as placed the child in the custody of the Commissioner of Social Services until the completion of the next permanency hearing must be dismissed as academic, as the period of placement has expired (see Matter of Zana C. [Dana F.], 171 AD3d 1045, 1047; Matter of Michael G. [Marie S.F.], 152 AD3d 590, 590). The adjudication of neglect, however, "constitutes a permanent and significant stigma, which might indirectly affect the [status of the person legally responsible in potential] future proceedings" (Matter of Grace M. [Leighton M.], 180 AD3d 912, 913 [internal quotation marks omitted]). Therefore, the appeal from so much of the order of disposition as brings up for review the finding that Tracey S. neglected the child is not academic (see id. at 913).
"In a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of proving neglect by a preponderance of the evidence" (Matter of Elisa V. [Hung V.], 159 AD3d 827, 828; see Family Ct Act § 1046[b]). "Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor" (Matter of Emmanuel E. [Debra C.], 187 AD3d 1014, 1014 [internal quotation marks omitted]). "Although parents [and persons legally responsible] have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect" (Matter of Elisa V. [Hung V.], 159 AD3d at 828 [internal quotation marks omitted]). Even "'[a] single incident of excessive corporal punishment may suffice to sustain a finding of neglect'" (Matter of Emmanuel E. [Debra C.], 187 AD3d at 1014, quoting Matter of Elisa V. [Hung V.], 159 AD3d at 828). Further, as relevant here, a neglected child is one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent [or person legally responsible] . . . to exercise a minimum degree of care . . . in supplying the child with adequate food, clothing, shelter or education . . . though financially able to do so or offered financial or other reasonable means to do so" (Family Ct Act § 1012[f][i][A]).
Here, the Family Court properly determined that ACS established by a preponderance of the evidence that Tracey S. neglected the child by inflicting excessive corporal punishment on her (see Family Ct Act § 1046[b]; Matter of Emmanuel E. [Debra C.], 187 AD3d 1014; Matter of Elisa V. [Hung V.], 159 AD3d at 828) and by failing to provide the child with adequate food, clothing, and shelter when she and the child's father went to Florida for several days, locking the child out of the home (see Matter of Kurt K. [Karen K.], 133 AD3d 755, 756). There is no basis for disturbing the court's credibility determinations, which are entitled to deference (see Matter of Angela-Marie C. [Renee C.], 162 AD3d 1010, 1011; Matter of Tarelle J. [Walter J.], 152 AD3d 593, 595).
DILLON, J.P., HINDS-RADIX, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court