Matter of Alven V. (Ketly M.) (2021 NY Slip Op 02805)





Matter of Alven V. (Ketly M.)


2021 NY Slip Op 02805


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2020-02471
 (Docket Nos. NN-07757-18, NN-07758-18, NN-07759-18)

[*1]In the Matter of Alven. (Anonymous). Administration for Children's Services, respondent; Ketly M. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Isadora V. (Anonymous). Administration for Children's Services, respondent; Ketly M. (Anonymous), appellant. (Proceeding No. 2.)
In the Matter of Naiselov V. (Anonymous). Administration for Children's Services, respondent; Ketly M. (Anonymous), appellant. (Proceeding No. 3.)


Carol L. Kahn, New York, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Daniel Matza-Brown and Deborah E. Wassel of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Susan Clement of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the stepmother appeals from an order of fact-finding and disposition of the Family Court, Kings County (Melody Glover, J.), dated February 5, 2020. The order of fact-finding and disposition, insofar as appealed from, after a fact-finding hearing, found that the stepmother neglected the child Isadora V. and derivatively neglected the children Alven V. and Naiselov V.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced these neglect proceedings against the subject children's stepmother. Following a hearing, the Family Court determined that the stepmother neglected the child Isadora V. by inflicting excessive corporal punishment, and derivatively neglected the children [*2]Alven V. and Naiselov V. On consent, the children were placed in the custody of the Commissioner of Social Services of the City of New York, and an order of protection was entered against the stepmother. The stepmother appeals from the fact-finding determinations.
In a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of proving neglect by a preponderance of the evidence (see Family Ct Act § 1046[b][i]). To satisfy this burden, the petitioner may rely upon prior out-of-court statements of the subject children, provided that they are properly corroborated (see id. § 1046[a][vi]; Matter of Nicole V., 71 NY2d 112, 117-118). "'Any other evidence tending to support the reliability of the previous statements . . . shall be sufficient corroboration'" (Matter of Zeeva M. [Abraham M.], 126 AD3d 799, 800, quoting Family Ct Act § 1046[a][vi]). The out-of-court statements of siblings may cross-corroborate one another where they independently describe similar incidents of neglect (see Matter of Kevin D. [Quran S.S.], 169 AD3d 1034, 1036; Matter of Michael B. [Samantha B.], 130 AD3d 619, 620; Matter of Arique D. [Elizabeth A.], 111 AD3d 625, 627). The Family Court has considerable discretion to decide whether the child's out-of-court statements describing incidents of neglect have, in fact, been reliably corroborated and whether the record as a whole supports a finding of neglect (see Matter of Christina F., 74 NY2d 532, 536; Matter of Victoria P. [Victor P.], 121 AD3d 1006, 1007). The Family Court's assessment of credibility of the witnesses is entitled to considerable deference unless clearly unsupported by the record (see Matter of Irene O., 38 NY2d 776, 777; Matter of Khadijah S. [Calondra A.], 186 AD3d 1223, 1225).
"Although parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect" (Matter of Janiya T. [Johnas M.], 191 AD3d 681, 682-683 [internal quotation marks omitted]; see Family Ct Act § 1012[f][i][B]; Matter of Elisa V. [Hung V.], 159 AD3d 827, 828).
Here, a preponderance of the evidence supported the Family Court's determination that the stepmother neglected Isadora V. by inflicting excessive corporal punishment on her. The children's out-of-court statements that the stepmother hit Isadora V. with a hanger, and had previously disciplined the children by hitting them with a belt, a television cord or wire, and a hanger, were sufficiently corroborated by each other, as well as the caseworker's observation of the children's injuries and scars and the stepmother's admissions (see Matter of Faith A.M. [Faith M.], 191 AD3d 884; Matter of Angela-Marie C. [Renee C.], 162 AD3d 1010, 1011; Matter of Arique D. [Elizabeth A.], 111 AD3d at 627). The evidence demonstrated a pattern of excessive corporal punishment, and not an isolated incident (see Matter of Tarelle J. [Walter J.], 152 AD3d 593, 595; Matter of Jayden R. [Jacqueline C.], 134 AD3d 638, 638; cf. Matter of Anastasia L.-D. [Ronald D.], 113 AD3d 685, 687). The derivative findings were also supported by the record (see Matter of Elijah P. [Jane W.], 191 AD3d 984; Matter of Gary J. [Engerys J.], 154 AD3d 939, 941-942).
DILLON, J.P., MILLER, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court