Matter of Viktor T. (Gustavo T.) (2023 NY Slip Op 06142)

Matter of Viktor T. (Gustavo T.)

2023 NY Slip Op 06142

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2022-02847
2022-04426
 (Docket Nos. N-16108-19, N-16109-19 N-16110-19)

[*1]In the Matter of Viktor T. (Anonymous). Administration for Children's Services, respondent; Gustavo T. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Vassilisa T. (Anonymous). Administration for Children's Services, respondent; Gustavo T. (Anonymous), appellant. (Proceeding No. 2.)
In the Matter of Armando T. (Anonymous). Administration for Children's Services, respondent; Gustavo T. (Anonymous), appellant. (Proceeding No. 3.)

 

Fariah Amin, Long Island City, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Melanie T. West and Mackenzie Fillow of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell, Diane Pazar, and Michelle Rattoballi of counsel), attorney for the children Viktor T. and Armando T.
The Children's Law Center, Brooklyn, NY (Laura Solecki and Janet Neustaetter of counsel), attorney for the child Vassilisa T.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Kings County (Erik S. Pitchal, J.), dated April 1, 2022, and (2) an order of disposition of the same court dated May 9, 2022. The order of fact-finding, after a fact-finding hearing, found that the father sexually abused and neglected the child Vassilisa T. and derivatively abused and neglected the children Viktor T. and Armando T. The order of disposition, insofar as appealed from, upon the order of fact-finding and after a dispositional hearing, directed the father to complete a sex offender treatment program.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced these proceedings pursuant to Family Court Act article 10, alleging that the father sexually abused and neglected the child Vassilisa T. and derivatively abused and neglected her two brothers, the children Viktor T. and Armando T. After a fact-finding hearing, the Family Court found that the father sexually abused and neglected Vassilisa T. and derivatively abused and neglected her brothers.
The father waived his objection to the Family Court's consideration of Vassilisa T.'s medical records at the fact-finding hearing when he consented to their admission into evidence at the hearing (see generally Matter of B. Mc. [Dawn Mc.], 99 AD3d 713, 713). In any event, the medical records were properly admitted into evidence pursuant to Family Court Act § 1046(a)(iv) (see Matter of Christopher D.B. [Lorraine H.], 157 AD3d 944, 947). Those records, in conjunction with the other evidence adduced at the fact-finding hearing, which included DNA evidence and testimony from a Child Protective Specialist and an expert in forensic biology, DNA analysis, and statistics, established by a preponderance of the evidence that the father sexually abused and neglected Vassilisa T. (see Matter of Jada W. [Fanatay W.], 219 AD3d 732, 739; Matter of Taveon J. [Selina T.], 209 AD3d 417, 418; Matter of Alven V. [Ketly M.], 194 AD3d 725, 726).
The derivative findings of abuse and neglect were also supported by the record, particularly given that Armando T. and Viktor T. were in the same two-bedroom apartment when the sexual abuse of Vassilisa T. was alleged to have occurred (see Matter of Ciniya P. [Omar S.W.], 217 AD3d 954, 956; Matter of Naphtali A. [Winifred A.], 165 AD3d 781, 784).
The father's remaining contentions are without merit.
LASALLE, P.J., CHAMBERS, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court