Matter of S.T.B. (Gerald C.) (2024 NY Slip Op 01245)

Matter of S.T.B. (Gerald C.)

2024 NY Slip Op 01245

Decided on March 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 07, 2024

Before: Renwick, P.J., Webber, Kennedy, Pitt-Burke, Michael, JJ. 

Docket No. NA-11019/21, NA-11020/21 Appeal No. 1800 Case No. 2023-00052 

[*1]In the Matter of S.T.B., and Another, Children Under Eighteen Years of Age, etc., Gerald C., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Daniel X. Robinson, New York, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jesse A. Townsend of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Susan Clement of counsel), attorney for children.

Order of fact-finding, Family Court, Bronx County (Karen M.C. Cortes, J.), entered on or about December 20, 2022, which, after a hearing, determined that respondent sexually abused the subject child S.T.B. and derivatively neglected the subject child T.D.B., unanimously affirmed, without costs.
Family Court properly concluded that S.T.B's out-of-court statements that respondent forcibly touched her were corroborated by the testimony of the ACS child protective specialist. S.T.B's statements are also corroborated by respondent's criminal charges, his guilty plea, the criminal court's order for respondent to engage in 36 therapy sessions at a sexual offender treatment program, and a full stay-away order of protection, in the related criminal proceedings based on the same incident (see Matter of Jaylina B. [Clayton N.], 193 AD3d 609, 610 [1st Dept 2021], lv denied 37 NY3d 904 [2021]; Matter of Gabriel R. [Jose R.], 188 AD3d 501, 502 [1st Dept 2020]). S.T.B.'s consistent statements to the Police Department, District Attorney, and child protective specialist further enhanced their credibility (Gabriel R., 188 AD3d at 502).
Respondent's own statements provided corroboration as he confirmed that he was in the apartment during the relevant time period and S.T.B's mother was not at home. Respondent also admitted to using a credit card to unscrew a lock on a door in the apartment (see Matter of Jada J. [Reginald J.], 210 AD3d 499, 501 [1st Dept 2022]). Respondent's testimony insinuating that S.T.B. fabricated the allegations against him in retaliation was unsupported by the record, and his broad, conclusory denials of sexual abuse were unavailing, and do not provide a basis to challenge Family Court's credibility findings (see Matter of Adonis M.C. [Breanna V.M.], 212 AD3d 452, 454 [1st Dept 2023]).
The finding of derivative neglect against respondent as to T.D.B. was appropriate. Respondent's behavior evinced such an impaired level of judgment as to create a substantial risk of harm to the child (Matter of Krystal N. [Juan R.], 193 AD3d 602, 602 [1st Dept 2021], lv denied 37 NY3d 906 [2021]).
Furthermore, respondent waived his objection to Family's Court's consideration of his mental health treatment records when his counsel consented to their admission at
the hearing (see Matter of Viktor T. [Gustavo T.], 221 AD3d 1015, 1016 [2d Dept 2023]).
We have considered respondent's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 7, 2024