Matter of Veronica M. (Ana M.) (2024 NY Slip Op 03823)

Matter of Veronica M. (Ana M.)

2024 NY Slip Op 03823

Decided on July 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2022-05455
 (Docket Nos. N-1137-21, N-1138-21, N-1139-21)

[*1]In the Matter of Veronica M. (Anonymous). Administration for Children's Services, respondent; Ana M. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Rachel M. (Anonymous). Administration for Children's Services, respondent; Ana M. (Anonymous), appellant. (Proceeding No. 2.)
In the Matter of Maria M. (Anonymous). Administration for Children's Services, respondent; Ana M. (Anonymous), appellant. (Proceeding No. 3.)

Elliot Green, Brooklyn, NY, for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Rebecca L. Visgaitis and Karin Wolfe of counsel), for respondent.
Cheryl Charles Duval, Brooklyn, NY, attorney for the child Veronica M.
Warren S. Hecht, Forest Hills, NY, attorney for the child Rachel M.
Rhea G. Friedman, New York, NY, attorney for the child Maria M.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding of the Family Court, Kings County (Jacqueline B. Deane, J.), dated June 1, 2022. The order of fact-finding, insofar as appealed from, after a fact-finding hearing, found that the mother neglected the subject children.
ORDERED that the order of fact-finding is modified, on the law and the facts, by deleting the provision thereof determining that the mother neglected the subject children by having an untreated and undiagnosed mental illness; as so modified, the order of fact-finding is affirmed insofar as appealed from, without costs or disbursements.
In February 2021, the Administration for Children's Services (hereinafter ACS) commenced these related proceedings pursuant to Family Court Act article 10, alleging, inter alia, that the mother neglected the subject children. In an order of fact-finding dated June 1, 2022, made [*2]after a fact-finding hearing, the Family Court found, among other things, that the mother neglected the children. The mother appeals.
"In a child neglect proceeding pursuant to Family Court Act article 10, the petitioner must establish by a preponderance of the evidence that the subject child is neglected" (Matter of Andrew M. [Brenda M.], 225 AD3d 764, 765; see Family Ct Act § 1046[b][i]). "To establish neglect of a child, the petitioner must demonstrate, by a preponderance of the evidence, (1) that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Matter of Chloe P.-M. [Martinique P.], 220 AD3d 783, 784 [internal quotation marks omitted]).
"Although parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect" (Matter of Raveena B. [Khrisend R.], 209 AD3d 640, 641 [internal quotation marks omitted]; see Matter of Sama A. [Safaa S.], 224 AD3d 677, 679). Proof that a respondent neglected one child is admissible on the issue of neglect of any other child of the respondent (see Family Ct Act § 1046[a][i]).
"In a child protective proceeding, a child's prior out-of-court statements relating to the alleged neglect may serve as the basis for a finding of neglect 'provided that these hearsay statements are corroborated, so as to ensure their reliability'" (Matter of David B. [Stacy T.], 171 AD3d 1041, 1042, quoting Matter of Alexis S. [Edward S.], 115 AD3d 866, 866). The rule requiring corroboration is flexible, and any other evidence tending to support the reliability of the child's statements may be sufficient corroboration (see Matter of Nicole V., 71 NY2d 112, 119; Matter of David B. [Stacy T.], 171 AD3d at 1042).
Here, the Family Court properly found that the mother neglected the children by inflicting excessive corporal punishment. On that issue, the independent out-of-court statements of two of the children were adequately corroborated by one another, as well as by the personal observations of injuries on two of the children made by the assigned caseworker, photographs of those injuries, and audio recordings of incidents of alleged excessive corporal punishment (see Matter of Alven V. [Ketly M.], 194 AD3d 725, 726). Moreover, the record supports the court's finding that the in-court recantation of one of the children's allegations was not credible (see Matter of Mariliz G. [Jamie G.], 207 AD3d 627, 629; Matter of Destiny B. [Anthony R.], 203 AD3d 1042, 1042). The evidence that the mother had used excessive corporal punishment to discipline the children, together with the negative inference drawn from the mother's failure to testify at the fact-finding hearing (see Matter of Andrew M. [Brenda M.], 225 AD3d at 765; Matter of Nash D. [Daniel D.], 224 AD3d 749, 751), was sufficient under the circumstances to support the court's finding that the mother neglected the children (see Matter of Sama A. [Safaa S.], 224 AD3d at 679; Matter of Maya B. [Muke B.], 156 AD3d 784, 786).
However, ACS did not prove by a preponderance of the evidence that the mother neglected the subject children based on an untreated and undiagnosed mental illness. While a parent's untreated mental illness or condition that results in an imminent risk of harm to the child may support a finding of neglect (see Matter of Hannah T.R. [Saya R.], 179 AD3d 700, 701), the evidence at the hearing was insufficient to establish that the mother's alleged untreated and undiagnosed mental illness or condition placed the children at imminent risk of harm to their physical, mental, or emotional condition (see Matter of Chloe P.-M. [Martinique P.], 220 AD3d at 784-785; Matter of Justin L. [Sandra L.], 144 AD3d 915, 915; see also Family Ct Act § 1012[h]; Matter of Alexandra R.-M. [Sonia R.], 179 AD3d 809, 811). Accordingly, the Family Court should not have determined that the mother neglected the children by having an untreated and undiagnosed mental illness.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., MILLER, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court