Matter of Aseem W. (Richard C. W.) (2025 NY Slip Op 05526)

Matter of Aseem W. (Richard C. W.)

2025 NY Slip Op 05526

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LOURDES M. VENTURA
PHILLIP HOM, JJ.

2024-03333
 (Docket No. N-13371-23)

[*1]In the Matter of Aseem W. (Anonymous). Administration for Children's Services, respondent;
and
Richard C. W. (Anonymous), Jr., appellant.

Rhea G. Friedman, New York, NY, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Philip W. Young of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Claire V. Merkine of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of fact-finding and disposition of the Family Court, Kings County (Robert D. Hettleman, J.), dated April 17, 2024. The order of fact-finding and disposition, insofar as appealed from, after a fact-finding hearing, found that the father abused the subject child.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging, inter alia, that the father physically abused the subject child. After a fact-finding hearing, the Family Court found that the father had abused the child by, among other things, dragging him by the arm, causing a fracture to the arm. The father appeals.
At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the burden is on the petitioner to establish by a preponderance of the evidence that the subject child has been abused or neglected (see id. § 1046[b][i]; Matter of Jacei R. [Kimmarley B.], 237 AD3d 721, 722; Matter of Ciniya P. [Omar S.W.], 217 AD3d 954, 955). A petitioner may rely on prior out-of-court statements of the child, provided that they are sufficiently corroborated (see Family Ct Act § 1046[a][vi]; Matter of Jacei R. [Kimmarley B.], 237 AD3d at 722; Matter of Alven V. [Ketly M.], 194 AD3d 725, 726). "Family Court Act § 1046(a)(vi) states a broad flexible rule providing that out-of-court statements may be corroborated by [a]ny other evidence tending to support their reliability" (Matter of Jacei R. [Kimmarley B.], 237 AD3d at 722 [internal quotation marks omitted]). "Family Court Judges presented with the issue have considerable discretion to decide whether the child's out-of-court statements describing incidents of abuse or neglect have, in fact, been reliably corroborated" (Matter of Nicole V., 71 NY2d 112, 119; see Matter of Kashai E. [Kashif R.E.], 218 AD3d 574, 575-576).
Here, the Family Court's finding that the father abused the child is supported by a preponderance of the evidence. Contrary to the father's contention, the court providently exercised its discretion in determining that the child's out-of-court statements regarding incidents of physical abuse by the father were sufficiently corroborated by, inter alia, a caseworker's observations of the child's injuries, as well as by the child's hospital records (see Matter of Nathaniel I.G. [Marilyn A.P.], 227 AD3d 806, 807; Matter of Alven V. [Ketly M.], 194 AD3d at 726; Matter of Adebayo J. [Eniola J.], 176 AD3d 1209, 1211; Matter of Paul M. [Tina H.], 146 AD3d 961, 963). Further, as the court noted, while the mere repetition of an accusation does not, by itself, provide sufficient corroboration, some degree of corroboration can be found in the consistency of the child's detailed and repeated out-of-court statements (see Matter of Jada W. [Fanatay W.], 219 AD3d 732, 740). Also contrary to the father's contention, the court's determination that the father's testimony regarding the allegations of abuse lacked credibility is, in fact, supported by the record and will not be disturbed (see Matter of Faith A.M. [Faith M.], 191 AD3d 884, 885-886; Matter of Adebayo J. [Eniola J.], 176 AD3d at 1211).
The father's remaining contentions either are without merit or do not require reversal.
IANNACCI, J.P., CHRISTOPHER, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court